Samuel **STEWART** Individually & DBA Stewart's Appraisal Service, Appellant,

v.

**UNITED STATES LEASING CORPORATION, Appellee.**

No. 01–85–527–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 12, 1985.

Orvis Davis, Houston, for appellant.

Mark P. Blenden, Lapen, Totz & Mayer, Glenn Nordt, Lapen, Totz & Mayer, Houston, for appellee.

Before JACK SMITH, HOYT and DUGGAN, JJ.

## OPINION

HOYT, Justice.

This is an appeal of a summary judgment based on breach of an equipment lease agreement. The trial court granted plaintiff/lessor's motion for summary judgment, requesting $12,598.99 with prejudgment interest for rent due plus $4,199.66 in attorney's fees and postjudgment interest. We affirm.

Appellant, Samuel Stewart d/b/a Stewart's Appraisal Service (Stewart), arranged for appellee, United States Leasing (United), to purchase a copier from Salt and Pepper Copiers and then lease it to him. The term of the lease was 48 months payable in equal monthly installments of $242. Stewart made the initial payment of $242, but made no subsequent payments.

When Stewart failed to pay the installments due, United declared the balance of the lease due and filed suit against Stewart. Following the issuance of admissions and interrogatories and the taking of Stewart's deposition, United filed its motion for summary judgment arguing that Stewart's execution of the Acceptance Certificate was prima facie proof that no fact question existed and that United was entitled to judgment as a matter of law. Stewart filed a response to United's motion for summary judgment, contending that because he did not actually receive the copy machine, the consideration forming the basis of the lease agreement between him and United failed.

Stewart urges six points of error, five of which challenge the sufficiency of United's summary judgment proof and assert that fact questions were present on the issue of failure of consideration. The sixth point of error challenges the summary judgment proof based on defects in the manner of its offer.

Stewart asserts that the copy machine was never delivered to him, although he admits signing a Certificate of Acceptance. He further contends that his signature was obtained by the vendor's fraudulent assertions, and that United breached the lease agreement because it did not deliver the copy machine as contemplated in the agreement.

The movant has the burden of establishing his entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his case as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Opposition, other than an as-

sertion that the movant's motion for summary judgment is insufficient as a matter of law, must be specified in a written response setting out any grounds of avoidance to which he may be entitled and any factual defenses that would defeat summary judgment. *Id.* at 678–79. The defense of failure of consideration defeats summary judgment if the nonmovant alleges facts and presents evidence that the consideration in the agreement was not received. *O'Shea v. Coronado Transmission Co.,* 656 S.W.2d 557, 563 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *see Lanier v. Faust,* 81 Tex. 186, 189 16 S.W. 994, 995 (1891). Generally, failure of consideration occurs when, because of some supervening cause after an agreement is reached, the promised performance fails. *O'Shea,* 656 S.W.2d at 563.

■ An examination of the lease reveals that Salt and Pepper Copiers was not an agent of United, the lessor, and that any claims regarding the equipment were to be made solely against the vendor, Salt and Pepper Copiers. It further expressly provided that regardless of claims against Salt and Pepper Copiers, Stewart was to pay all rents payable under the lease. Receipt or acknowledgment of receipt of the copier was provided for in the following provisions of the lease:

5. ORDERING EQUIPMENT. Lessor shall order equipment from vendor upon the terms and conditions of the purchase order initially attached hereto. Lessee shall arrange for delivery of equipment so that it can be accepted in accordance with paragraph 6 hereof. . . .

6. ACCEPTANCE. If lessor so requests, lessee shall furnish lessor a written statement (a) acknowledging receipt of equipment in good condition and repair and (b) accepting it as satisfactory in all respects for the purpose of this lease.

There is no dispute that Stewart signed the lease agreement and a Certificate of *Acceptance* acknowledging that he was in receipt of the machine. Stewart contends, however, that the consideration for the lease agreement was delivery of the copy machine. This contention is without merit. The agreement between Stewart and United required United to purchase a copy machine for Stewart's use in exchange for Stewart's acceptance of the machine evidenced by his signature on the Certificate of Acceptance and the further agreement to pay 48 monthly rental payments. The consideration for the lease was not delivery of the copy machine but, instead, was United's purchase of the copy machine following receipt of the signed Acceptance Certificate. Both of these promised performances were fulfilled; therefore, the consideration for the lease agreement did not fail. We reject these contentions.

Stewart further contends that summary judgment was improper because of defective pleadings. To support this contention, he asserts that: 1) the attorney's affidavit attached to the motion was based on incompetent evidence; 2) the affidavit attached to the original petition was not competent summary judgment evidence; and 3) the deposition, interrogatories, and admissions could not be considered because they were not attached to the motion.

■ Depositions, interrogatories, and admissions are proper summary judgment evidence when they are referred to or incorporated in the motion for summary judgment. *See First Federal Savings & Loan Ass'n v. Bustamante,* 609 S.W.2d 845, 849 (Tex.Civ.App.—San Antonio 1980, no writ). The fact that they were not physically attached to the motion does not defeat the judgment. We need not consider Stewart's assertion that the affidavit of United's attorney was based on incompetent evidence because the same matters, admission of signatures and lack of payment, were conclusively established by Stewart's admissions on file and incorporated in United's motion for summary judgment.

Points of error one through six inclusive are overruled.

The judgment of the trial court is affirmed.