Antonio ACEVEDO, Sr., Appellant,

v.

William DROEMER, Individually and
d/b/a William Droemer, Contractor
a/k/a William Droemer Construction
Co., Appellee.

No. 04–89–00533–CV.

Court of Appeals of Texas,
San Antonio.

June 29, 1990.

Bill D. Blanton, Juan Rocha, Jr., Herrera,
Vega & Rocha, San Antonio, for appellant.

Douglas C. Walsdorf, Meador & Saman-
iego, San Antonio, for appellee.

Before BUTTS, CHAPA and CARR,
JJ.

OPINION

CHAPA, Justice.

This is an appeal from a summary judg-
ment granted in favor of the appel-
lees/movants in a personal injury suit aris-

ing from a job site accident. Appellant, Antonio Acevedo, Sr., was employed by the appellees, William Droemer, individually and d/b/a William Droemer, Contractor, a/k/a William Droemer Construction Company. Acevedo was injured on the job in a scaffolding accident.

Acevedo's co-worker on the scaffolding, Roberto Escobedo Salas, Sr., was fatally injured in the construction accident. His surviving wife and children filed suit against the appellees and others. Acevedo and his family were also named as plaintiffs in the same original petition. Plaintiffs' First Amended Petition was based on causes of action for negligence and gross negligence, and made no allegations about intentional tort.

The appellee/movants then moved for summary judgment against the Acevedo appellants. After the motion for summary judgment was filed and before it was granted, the appellants filed a motion seeking leave to amend their pleadings to include a cause of action against the employer under an intentional act theory. The trial court granted leave to amend and the appellants filed their Plaintiffs' Second Amended Original Petition, wherein they alleged for the first time that the conduct of the appellees "rises to the level of an intentional injury and therefore the Acevedo Plaintiffs sue for such conduct." No amendments were filed by the appellees to their motion for summary judgment, the trial court granted summary judgment against the Acevedos, dismissing all their causes of action, and the court severed the Acevedos' causes for purposes of appeal.

The issue on appeal in a summary judgment case is whether the movant met his burden for summary judgment, by establishing that there exists no genuine issue of material fact and that he is entitled to a judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV. P. 166a(c). The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr.* *Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R.CIV. P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Id.* at 549. Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubt will be resolved in his favor. *Id.*

 In reviewing summary judgment evidence, it is well established that sworn pleadings and denials to requests for admissions are not summary judgment evidence in Texas. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). As such, a motion for summary judgment is a pleading and may not be considered as summary judgment evidence, *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ), nor is a response to summary judgment competent summary judgment evidence. *Rhobes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 264 (Tex. App.—Fort Worth 1986, no writ). However, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence when referred to or incorporated in the motion for summary judgment, *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, no writ), citing *First Federal Savings & Loan Ass'n v. Bustamante*, 609 S.W.2d 845, 849 (Tex.App.—San Antonio 1980, no writ), but the trial court may not receive extrinsic evidence, either oral or documentary, at the hearing on the motion for summary judgment. *State v. Easley*, 404 S.W.2d 296, 297 (Tex. 1966); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex.App.—Tyler 1978, writ ref'd n.r.e.). Statements contained in a brief also do not constitute summary judgment proof. *Nationwide Fin. Corp. v. English*, 604 S.W.2d 458, 463 (Tex.App.—Tyler 1980, writ dism'd).

Further, "pleadings are sufficient under the Rules of Procedure if they give fair and adequate notice to the adversary." *Kissman v. Bendix Home Systems, Inc.*, 587 S.W.2d 675, 677 (Tex.1979).

When there are no special exceptions, a petition will be construed liberally in favor of the pleader. *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183, 186 (Tex.1977). Also, "[t]he court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specially alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated." *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex.1963)....

*Roark v. Allen*, 633 S.W.2d 804, 809–10 (Tex.1982).

In view of the burden on the appellee/movants, we turn to the record before us to determine whether the trial court erred in granting the summary judgment based on what was before him at the time he made his decision. The transcript reveals that the trial judge granted the summary judgment against the Acevedos, dismissing all their causes of action entirely, based on:

1) Appellee/Movants' motion for summary judgment (without any affidavit or other attachments) filed August 7, 1989, which simply contended that the appellees were entitled to a summary judgment against the appellant, his wife, and their children because "[t]here is no genuine issue as to any material fact between these [appellees] and the [appellant]" alleging that the [appellant] was a construction worker who worked for the [appellees]; that the appellees were subscribers to the Texas Worker's Compensation Act which provided insurance for the appellant; and, that "the [appellees] are immune from liability based on the allegations in [appellants'] Petition [which at that time only alleged negligence and gross negligence and made no mention of intentional tort] and as such, said [appellants] have no cause of action against these [appellees];"

2) Appellants' response to appellees' motion for summary judgment filed August 31, 1989, which set out simply that the appellees are "not immune for liability for willful acts or gross negligence which is the theory of recovery as alleged in [appellant's] petition in this cause;" that the appellees do "not present any evidence to show that as a matter of law [they are] entitled to judgment"; and, that "[t]he issue of willfulness of an act or gross negligence is an issue of fact;"

3) Appellants' motion for leave to file amended petition filed September 8, 1989 (granted by the trial court on September 13, 1989), which clearly states that "[appellant] as a survivor of the work related injury would like to assert his cause of action against his employer under an intentional act theory;" and,

4) Appellant's Second Amended Petition filed on September 8, 1989, with their motion for leave to amend, which complains for the first time about the conduct of the appellees which "rises to the level of an intentional injury and therefor the Acevedo [appellants] sue for such conduct."

■ The record further reveals that there were no special exceptions filed by the appellee to the appellants' pleadings, which requires that the appellants' pleadings be construed liberally. *Roark v. Allen*, 633 S.W.2d at 809. The motion for leave to amend clearly discloses an "intendment" to allege an intentional tort, *Id.*, and the resulting Plaintiffs' Second Amended Petition permitted by the court, liberally construed, alleges intentional tort for the first time. Therefore, at the time the trial court rendered the summary judgment, it had the intentional tort cause of action before it, in addition to the causes of action for negligence and gross negligence which had been previously pled in Plaintiffs' First Amended Petition. *Mainland Savings Ass'n v. Wilson*, 545 S.W.2d 491, 493 (Tex. App.—Houston [1st Dist.] 1976, no writ); TEX.R.CIV. P. 63.

■ The record further reveals that the appellee's motion for summary judgment resembles a general denial in its broad contentions that "there is no genuine issue as to any material fact between these [ap-

pellees] and the [appellants]" and that "these [appellants] are immune from liability based on the allegations in [appellants'] Petition and as such, said [appellants] have no cause of action against these [appellees]." The appellee failed to amend their global motion for summary judgment when the appellants added the intentional tort cause of action in the subsequent amended pleadings, which the court permitted. Since motions for summary judgment "stand or fall on the grounds specifically set forth in the motion(s)," *Ortiz v. Spann,* 671 S.W.2d 909, 914 (Tex.App.—Corpus Christi 1984, ref'd n.r.e) (op. on reh'g), a question is raised as to whether the motion for summary judgment here sufficiently addressed all of the appellants' causes of action, in order to sustain the movant's burden and entitle it to this summary judgment, dismissing the appellants' causes of action.

Defendant movants for summary judgment have the burden of showing as a matter of law that no material issue of fact exists as to all of the plaintiff's causes of action. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1986); *see also City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988) (holding that a motion for summary judgment must expressly dispose of all issues presented in a suit). The Texas Supreme Court has indicated the urgency of specificity in motions for summary judgments:

> It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (emphasis added).

> Because [appellee] moved for summary judgment on only one of [appellant's] four causes of action, the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged by [appellant]. (cites omitted). *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983) (emphasis added in original).

> A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues *expressly presented,* not all issues in the case. A summary judgment that fails to dispose *expressly* of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues. *Teer v. Duddleston,* 664 S.W.2d 702, 704 (Tex.1984).

*City of Beaumont v. Guillory,* 751 S.W.2d at 492 (emphasis added) (remaining citations omitted).

Appellees' global motion for summary judgment fails to specifically "address" all the causes of action alleged by the plaintiffs, *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d at 678; *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d at 564, and appellee further failed to "expressly present" and "dispose expressly" of all the causes of action alleged by the appellants. *City of Beaumont v. Guillory,* 751 S.W.2d at 492. Even if the broad assertions in the motion for summary judgment could be considered to have addressed all the existing causes of actions, the only causes of action which the motion could have reference to would have been negligence and gross negligence, which were the only causes the appellants had alleged at the time the motion for summary judgment was filed. Since an intentional tort claim was not alleged until after the motion for summary judgment was filed, and the appellee failed to amend his motion for summary judgment to include this cause, it is questionable that the appellee specifically "addressed" or "disposed expressly" of the intentional tort cause of action.

The record further discloses that no summary judgment proof, such as affidavits, depositions, admissions or stipulations, were before the trial court, *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d at 290, and the pleadings, motions, and responses which were before the court cannot be considered summary judgment proof. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d at 143; *Kendall v. Whataburger, Inc.*, 759 S.W.2d at 754; *Rhobes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d at 264. Therefore, appellee presented no summary judgment proof to sustain its burden as to their allegation that there is no genuine issue of any material fact between appellees and appellants.

■ Appellee correctly contends that a worker who receives workmen's benefits waives a subsequent claim for an intentional tort in the same accident. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex. 1983). If the appellant Acevedo received workmen's benefits, he waived any subsequent claim for an intentional tort. However, the issue before this court is whether the appellee properly sustained its burden which would entitle it to this summary judgment. Consequently, in order to sustain its burden as to this contention, the appellee was required to present summary judgment proof of the fact that Acevedo received the benefits. We have already concluded that no summary judgment proof was presented to the trial court by the appellee. Further, although the pleadings, motions and responses before the court are not summary judgment proof, these instruments also fail to state that Acevedo received any benefits.

The suggestion is made that a verbal remark by appellant's counsel during the summary judgment hearing amounts to summary judgment proof that Acevedo received worker's benefits. However, if counsel's statements in his brief are not summary judgment proof, *Nationwide Fin. Corp.*, 604 S.W.2d at 463, we fail to see how remarks by counsel during the summary judgment hearing could be considered summary judgment proof. Further, TEX.R.CIV. P. 166a(c) prohibits the trial court from receiving any extrinsic evidence, oral or documentary, during the summary judgment hearing. *State v. Easley*, 404 S.W.2d at 297. Therefore, appellee failed in its burden, by presenting no summary judgment proof that Acevedo received workmen's benefits.

The final assertion in the appellee's motion for summary judgment is that "these [appellees] are immune from liability based on the allegations in [appellant's] Petition and as such, said [appellants] have no cause of action against these [appellees]." Obviously, the motion must have reference to the causes of action of negligence and gross negligence, which were the only causes of action that had been alleged by the appellants at the time the motion was filed. It is correct that the appellee is immune as a matter of law as to the causes of action of negligence and gross negligence. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985); TEX.REV.CIV. STAT.ANN. art. 8306 (Vernon 1967 and Vernon Supp.1990). However, since no amendments were filed to the motion for summary judgment that address the intentional tort, it is questionable that the appellee addressed the intentional tort at all.

Nevertheless, assuming that we conclude that this motion for summary judgment addressed all the causes of action of the appellants, including the intentional tort, clearly the appellees are not immune from liability to the Acevedos as to the intentional tort cause of action.

In this respect, the first *Reed Tool Co. v. Copelin*, 610 S.W.2d 736 (Tex.1980), is controlling. The suggestion that the second *Reed Tool Co. v. Copelin*, 689 S.W.2d 404 (Tex.1985), is controlling is incorrect. Where the first *Reed Tool Co.* case was a pure summary judgment case identical to the case before this court, the second *Reed Tool Co.* case, upon which appellee seems to rely, resembles more a directed verdict than a summary judgment. The second *Reed Tool Co.* case involved stipulated evidence agreed to by the parties, from which the court was able to determine whether the evidence sustained an intentional tort allegation.

In the first *Reed Tool Co.* case, the Texas Supreme Court held that the Texas Workers' Compensation Act "does not, however, exempt employers from common law liability for intentional injuries," because "this cause of action is guaranteed to the employee by the Texas Constitution; it cannot be taken away by the legislature". *Reed Tool Co.*, 610 S.W.2d at 739. However, unlike the case before us, the trial court there had correctly concluded that the injured worker had waived a subsequent cause of action on the intentional tort theory, because the parties presented the trial court with an agreed stipulation that the injured worker had been receiving worker's compensation benefits. *Id.*

However, the trial court also granted summary judgment against the worker's wife, which the Court of Appeals affirmed. Thus, the Texas Supreme Court described the issue before them as "whether a wife's cause of action for loss of consortium against her injured husband's employer is barred by the Texas Workers' Compensation Act." *Reed Tool Co.*, 610 S.W.2d at 737. Reed Tool argued before the supreme court that the wife "cannot maintain an action for intentional impairment of consortium because [the husband worker] waived his "intentional injuries" action by claiming and accepting benefits under the Act." *Id.* at 739. The supreme court disagreed holding that "a wife's recovery for her loss of consortium was also separate property because the recovery sought was compensation for personal injuries" and that since "the Act did not destroy [the worker's] cause of action for intentional injuries", "[the wife's] action for intentional impairment of consortium was not destroyed." *Id.* The court finally concluded that the action of the wife "for intentional impairment of consortium was maintainable since the Act and [the husband's] acceptance of workers' compensation benefits could not destroy this separate property claim." *Id.*

Considering the foregoing, the summary judgment as to the negligence and gross negligence causes of action is affirmed, and the summary judgment as to the intentional injuries cause of action is reversed and remanded.

BUTTS, Justice, dissenting.

I respectfully dissent.

This is an appeal from a summary judgment granted in favor of the defendants in a personal injury suit arising from a job site accident. Plaintiff, Antonio Acevedo, Sr., was employed by certain defendants, including the summary judgment defendants, who are William Droemer, individually and d/b/a William Droemer, Contractor, a/k/a William Droemer Construction Company. Acevedo was injured on the job in a scaffolding accident. It is undisputed that Acevedo subsequently applied for and was awarded workers' compensation benefits.[1]

Acevedo's co-worker on the scaffolding, Roberto Escobedo Salas, Sr., was fatally injured in the construction accident. His surviving wife and children filed suit against the present defendants and others. Acevedo and his family were also named as plaintiffs in the same original petition. Plaintiffs' First Amended Petition was subsequently filed.

The present defendants then moved for summary judgment against the Acevedo plaintiffs, alleging that "[t]hese defendants are immune from liability based on the allegations in plaintiffs' [the Acevedos] petition, and as such, plaintiffs have no cause of action against these defendants." After the motion for summary judgment was filed, the plaintiffs sought and received the trial court's permission to file their Plaintiffs' Second Amended Original Petition.[2] Thus the trial court had before it the last amended petition. The court granted sum-

---

1. Both attorneys agreed at the hearing on appellants' motion for the court to permit late filing of the second amended petition that compensation benefits had been paid to Antonio Acevedo. Although the court reporter denominated the hearing also as one on the motion for summary

judgment, it was actually to determine admission of the pleading. No evidence was heard. This case turns on that amended pleading.

2. See n. 1, *supra.*

mary judgment and severed the Acevedos' causes.

The plaintiffs bring two points of error: the summary judgment is improper because the defendants failed to establish that no genuine issue of fact exists as to Acevedo's cause of action for intentional tort, and summary judgment against his wife and children on their intentional tort claims was error.

The summary judgment on appeal is based on the pleadings and summary judgment motion and response signed by the attorneys. There were no affidavits or other summary judgment evidence before the trial court.

The plaintiffs alleged that the defendants were negligent and grossly negligent by their failure: to adequately supervise, to recognize hazardous conditions at the job site, to comply with safety procedures such as safety nets and safety director, and to meet OSHA standards in many specific instances. Acevedo, as plaintiff, alleged that "as a direct and proximate result of their acts of negligence and gross negligence," he suffered certain personal injuries and damages. His wife, Margaret, alleged that "as a direct and proximate result of the aforementioned acts of negligence and gross negligence ... which directly and proximately led to the injuries suffered by [her husband, she] has experienced loss of consortium, companionship, society, affection, love, assistance and comfort as well as loss of household services...." The two children alleged their injuries stemmed from the same acts of negligence and gross negligence of the defendants, alleging that they witnessed the accident and suffered mental anguish and grief. It is asserted in the petition that these "acts or omissions of negligence demonstrated an entire want of care and total disregard for the rights of others. Therefore, Plaintiffs sue for exemplary damages ..." The plaintiffs alleged that these same acts of negligence and gross negligence "rise to the level of an intentional injury."

The defendants moved for summary judgment asserting there was no question of material fact, citing the immunity from liability provided by the Texas Workers' Compensation Act and stating the Acevedos had no cause of action. The plaintiff's response maintained that the defendants did not present any evidence to show entitlement to judgment as a matter of law and, further, that the issue of willfulness of an act or gross negligence is an issue of fact.

The Texas Workers' Compensation Act, TEX.REV.CIV.STAT.ANN. art. 8306 (Vernon 1967 and Vernon Supp.1990), is the exclusive remedy for work-related injuries with the exception of intentional injury. *Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985). (citations omitted) However, "[a]n intentional injury caused by willful negligence or willful gross negligence is not an intentional injury necessary to avoid the effect of the Workers' Compensation Act." *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex. 1981). The fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the *specific intent* to inflict injury. *Reed Tool Co.,* 689 S.W.2d at 406. The Restatement Second of Torts defines intent to mean that "the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Id.,* citing RESTATEMENT (SECOND) OF TORTS § 8A (1965).

The supreme court in *Reed Tool Co., supra,* stressed that the overwhelming weight of authority from other jurisdictions is that the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury. *Id.* at 406. Listing other jurisdictions which have held that the intentional failure to provide a safe workplace does not constitute an intentional injury in order for the claimant to escape workers' compensation limits, the supreme court set out specific examples of nonintentional injuries. *Id.* at 406–407. For instance, the intention-

al modification or removal of safety controls or guards is not the equivalent of an intentional injury. *Id.* at 406. The intentional violation of a safety regulation does not authorize recovery beyond that provided by workers' compensation statutes. *Id.* at 407. Even the intentional failure to train an employee to perform a dangerous task does not constitute an intentional injury. Requiring an employee to work long hours is not tantamount to an intentional injury. *Id.* (all citations omitted)

The court recognized these results may seem harsh, stating it is not the gravity or depravity of the employer's conduct but rather the narrow issue of intentional versus accidental quality of the injury. This quote from 2A A. Larson, *The Law of Worker's Compensation* § 68.13 (1982) was included:

> The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate infliction of harm comparable to an intentional left jab to the chin.

*Reed Tool Co.*, 689 S.W.2d at 407. The court continued with a discussion of the policy behind the compensation law. The court held that the intentional failure to furnish a safe place to work does not rise to the level of intentional injury except when the employer believes his conduct is substantially certain to cause the injury. *Id.* The present plaintiffs failed to allege intentional injury by the general statement that the conduct of the defendants "rises to the level of intentional injury."

### Acevedo's Intentional Injury Cause of Action

As to the claim of the worker, Antonio Acevedo, Sr., the Texas Supreme Court has long recognized the waiver of intentional tort claims under the workers' compensation statute, as outlined in *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983):

> Although the Workers' Compensation Act bars an employee's common law action for negligence against his employer, the Act does not exempt employers from common law liability for intentional torts. (citations omitted) An employee, however, may waive his cause of action for intentional tort if he seeks benefits under the Act. (citations omitted) The collection of workers' compensation benefits by an employee who subsequently alleges his injury was by intentional tort constitutes an election of remedies and estops the employee from proceeding to recover damages outside of the Act. (citations omitted)

*Id.* at 933. By claiming and collecting under the Workers' Compensation Act for accidental injury, the employee is declaring that there was no intentional injury. *Grove Mfg. Co. v. Cardinal Constr. Co.*, 534 S.W.2d 153, 155 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). In the present case the motion for summary judgment asserts that Acevedo was employed by Droemer, who was a subscriber to the Act and provided worker's compensation insurance to Acevedo. The motion further states that these defendants are immune from liability based on the allegations in the plaintiffs' petition, and plaintiffs have no cause of action against the defendants. The plaintiffs' response admits the employee relationship, but asserts that the employer "is not immune from liability for willful acts or gross negligence, which is the theory of recovery." According to the *Reed* opinion, *supra*, this "theory of recovery" does not constitute an intentional tort.

As previously noted, there is no dispute that Acevedo has received compensation benefits, which constituted his election. Therefore, he is precluded from recovery against his employer for any alleged intentional injury. In addition, the plaintiffs failed to allege an intentional injury. We observe that plaintiffs' reliance on *Bennight v. Western Auto Supply Co.*, 670 S.W.2d 373 (Tex.App.—Austin 1984, writ ref'd n.r.e.) is misplaced. As ruled in *Reed Tool Co.*, *Bennight* does not hold that the intentional breach of the duty to furnish a safe place to work can supply the requisite intent to injure. *Reed Tool Co.*, 689

S.W.2d at 407. The court further ruled that *Bennight* is limited to its facts. *Id.*

The plaintiffs argue that the pleadings raised issues as to material facts (willfulness of an act or gross negligence as an issue of fact). The Texas law regarding those same acts and omissions have been held by the Supreme Court not to constitute a valid common law claim against an employer for intentional injury. The trial court permitted the plaintiffs to amend their preceding petition a second time. Therefore they were not denied an opportunity to amend if their petition failed to state a cause of action for intentional injury. *See Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). If, however, a plaintiff pleads facts which affirmatively negate his cause of action, it is proper for the trial court to grant the motion of the defendant for summary judgment. *Id.* at 9. The allegations of the Acevedo plaintiffs do not meet the standard as enunciated in *Reed Tool Co.*, 689 S.W.2d at 406–07. Moreover, the plaintiffs' pleadings negate a cause of action based on intentional injury. The summary judgment was properly granted against Antonio Acevedo, Sr.

### The Wife's Cause of Action

Mrs. Copelin, plaintiff in the two *Reed Tool Co.* cases, sued the employer for gross negligence, negligence, and intentional impairment of consortium although her injured husband waived his "intentional injuries" action by claiming and accepting benefits under the Act. *See Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 740 (Tex.1980). Her right to recover for her loss of consortium was held to be her separate property and not precluded as a matter of law by the worker's acceptance of benefits. *Id.* at 740. The same would be true of Margaret Acevedo. That court held, however, that the part of Mrs. Copelin's suit which was based on *gross negligent impairment* and *negligent impairment of consortium* was derivative of her husband's claim and therefore barred by her husband's workers' compensation agreement. *Id.* That part of her suit which properly alleged intentional impairment was not barred but depended upon summary judgment proof of intentional injury.

Margaret's action is unquestionably derivative of her husband's action for personal injuries. She has not alleged a separate cause based on intentional injury. The supreme court in the first *Reed Tool Co.* case held that the Workers' Compensation Act by exempting Reed Tool's liability to George Copelin for gross negligence and negligence, as a matter of law, precluded Judy Copelin, his wife, from maintaining her consortium action *on those same grounds*. (emphasis added) *Id.* at 739. The difference in that case and Margaret Acevedo's is that Judy Copelin sued the employer for intentional impairment of consortium, and the final *Copelin* case turned on her proof of intentional injury by the employer. Here Margaret's cause of action is solely derivative of her husband's suit based on gross negligence and negligence, and that is plainly stated in the petition. No grounds of intentional injury were alleged in the Plaintiffs' Second Amended Petition. In addition, there was no summary judgment proof of intentional injury to Acevedo by the employer to show there existed a material issue of fact as to the employer's specific intent to injure her husband. This possibly would have supported a separate cause of action by Margaret for intentional impairment of consortium. The summary judgment was properly granted against the wife.

### The Children's Cause of Action

The children's cause of action for mental anguish also is derivative of the father's suit based on acts and omissions of negligence and gross negligence: "... that as a direct and proximate result of the acts of negligence and gross negligence on the part of the above named Defendants, [the child] has suffered severe mental anguish and grief having witnessed the incident made the basis of this lawsuit." Therefore, the summary judgment was also correct as to the children.

I would hold the defendants established as a matter of law their immunity from

liability and overrule the two points of error. Therefore, I respectfully dissent.

The judgment should be affirmed.