Opinion issued January 9, 2003




















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00014-CV




RICHARD H. PARKER, SR., Appellant

V.

LADY R. DODGE, Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 01-32859




O P I N I O N

          This is an appeal from a summary judgment in favor of appellee, Lady R.
Dodge, and against appellant, Richard H. Parker, Sr. We affirm.
Facts and Procedural Background
          On August 31, 1990, or September 7, 1990,


 Parker executed a promissory note
to Dodge which obligated Parker to pay $120,000 with interest to Dodge. Parker was
required to pay Dodge $1,000 per month with a balloon payment of $120,000 at the
end of 10 years. Parker made one payment to Dodge in December 1990 and made no
further payments. Dodge filed a petition in the 280th Judicial District Court on June
29, 2001, seeking damages for Parker’s failure to pay.
          Dodge filed a motion for summary judgment, which was granted by the trial
court on October 1, 2001. Dodge was awarded $218,101.25 in principal, unpaid
interest payments, and interest; $50.13 per diem prejudgment interest from October
1, 2001, until the date of judgment; attorney’s fees of $5,000; court costs; post-judgment interest of 10% per annum from judgment until payment; and cumulative
attorney’s fees based on future appellate steps.
Issues
          Parker argues in four issues that (1) summary judgment in favor of Dodge was
improper because issues of material fact existed; (2) summary judgment in favor of
Dodge was improper because Parker asserted valid affirmative defenses; (3) the
award of attorney’s fees to Dodge was improper because Dodge failed to show
entitlement to summary judgment as a matter of law; and (4) Parker’s motion for
continuance should have been granted because there was insufficient time for
discovery. 
Standard of Review
          When a plaintiff moves for summary judgment, it must show that it is entitled
to prevail on each element of its cause of action. Ortega-Carter v. Am. Int’l
Adjustment Co., 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied). The
plaintiff meets this burden if it produces evidence that would be sufficient to support
an instructed verdict at trial. Id. Once the plaintiff establishes its right to summary
judgment as a matter of law, the burden then shifts to the defendant as nonmovant to
present evidence that raises a genuine issue of material fact, thereby precluding
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979). In reviewing a summary judgment, we accept as true all
evidence supporting the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d
546, 548-49 (Tex. 1985). All inferences are indulged in favor of the nonmovant, and
all doubts are resolved in its favor. Id.
 
Discussion
          Summary Judgment
          In his first issue, Parker argues that the summary judgment was improperly
rendered in favor of Dodge because issues of material fact existed. In his argument,
Parker does not point to any evidence in the record that presents a material fact issue. 
This Court is not required to review a record to marshal an appellant’s proof. See
Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81 (Tex. 1989); Guthrie v. Suiter, 934
S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ). Thus, when
presenting summary judgment proof, a party must specifically identify the supporting
proof on file which it seeks to have considered. See Boeker v. Syptak, 916 S.W.2d
59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ). 
          Because Parker failed to point to any evidence in the record that raises a
material fact issue, we overrule his first issue. 
          Affirmative Defenses
          In his second issue, Parker argues that the summary judgment was improperly
rendered in favor of Dodge because he asserted valid affirmative defenses of the
running of the statute of limitations, laches, and failure of consideration against
Dodge’s cause of action.
          If the party opposing a summary judgment relies on an affirmative defense, he
must come forward with summary judgment evidence sufficient to raise an issue of
material fact on each element of the defense to avoid summary judgment. Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Affidavits consisting only of
conclusions are insufficient to raise an issue of fact. Id. In Brownlee, for example,
the Texas Supreme Court found that Michael Brownlee’s affidavit did not set forth
facts that would be admissible into evidence. Id. Brownlee merely stated that his
contractual obligation had been modified, which was nothing more than a legal
conclusion. Id. Brownlee’s affidavit opposing the motion for summary judgment
should have gone further and specified factual matters such as the time, place, and
exact nature of the alleged modification. Id. Here, Parker’s affidavit did not raise an
issue of fact on each element of any of his affirmative defenses. 
          1.       Statute of Limitations
          Parker erroneously relies on Texas Business and Commerce Code § 3.118(b)
to argue that the statute of limitations for a demand note is 10 years. Parker
incorrectly presumes that the note in question is a demand note. A note is considered
payable on demand if it “states that it is payable on demand or at sight, or otherwise
indicates that it is payable at the will of the holder; or does not state any time of
payment.” Tex. Bus. & Com. Code Ann. § 3.108(a) (Vernon 2002). The note in
question specifically states a schedule of payments of $1000 in interest “PER
MONTH on the first of each month during [the ten year period] commencing on the
FIRST (1) day of OCTOBER, 1990, and . . . [a] final payment of the principal sum
of . . . $120,000.00 . . . on OCTOBER, 2000.” (Emphasis in original.) It is therefore
a note “payable at a definite time.” Tex. Bus. & Com. Code Ann. § 3.108(b)
(Vernon 2002). The correct statute of limitations for a note payable at a definite time
is six years. Id. at § 3.118(a). Under section 3.118(a) a party must commence an
action to enforce the obligation within six years after the due date or dates stated in
the note. Id. Therefore, Dodge is within the six-year statute of limitations for
payments due within six years of the date of filing of her petition. Dodge’s ability to
recover earlier payments is waived. 
          2.       Laches
          Laches is an equitable doctrine that attempts to prevent injustice against one
party that could result when another asserts his demands so long after they matured
that evidence has been lost or impaired. Fazakerly v. Fazakerly, 996 S.W.2d 260,
265 (Tex. App.—Eastland 1999, pet. denied). For the affirmative defense of laches,
Parker had to show that (1) there was an unreasonable delay by Dodge in asserting
a legal or equitable right; and (2) a good faith change of position by him to his
detriment in reliance upon the delay. City of Houston v. Muse, 788 S.W.2d 419, 422
(Tex. App.—Houston [1st Dist.] 1990, no writ). 
          Parker states that there was no demand for payment and that his last payment
was in December 1990, which might be some evidence of delay if the note that Parker
signed were a demand note for which the statute of limitations began to run in 1990. 
As set forth above, however, the note was not a demand note, but a note for a definite
period of time with periodic payments ending in October, 2000. This suit was filed
in June, 2001, well within the six-year statute of limitations with respect to many of
the payments, the rest being waived. 
          Moreover, Parker did not assert that he changed his position to his detriment
in reliance upon any delay by Dodge in collecting the note. His only assertion is that
he changed his financial position due to “ordinary circumstances.” The changes were
that of “getting older, combined with a lesser ability to work.” This change of
position is not a good faith change of position due to any reliance on any delay by
Dodge; it is a change of position caused by the natural course of life. Therefore,
Parker did not show a change in position required under the affirmative defense of
laches. We hold that Parker failed to raise a material fact issue with respect to his
affirmative defense of laches.
          3.       Failure of Consideration
          The defense of failure of consideration defeats summary judgment if the
nonmovant alleges facts and presents evidence that the consideration in the agreement
was not received. Stewart v. U.S. Leasing Corp., 702 S.W.2d 288, 290 (Tex.
App.—Houston [1st Dist.] 1985, no writ). Generally, failure of consideration occurs
when, because of some supervening cause after an agreement is reached, the promised
performance fails. Id. A complete failure of consideration constitutes a defense to
an action on a written agreement. Gensco, Inc. v. Transformaciones Metalurgicias
Especiales, S.A., 666 S.W.2d 549, 553 (Tex. App.—Houston [14th Dist.] 1984, writ
dism’d). Parker’s argument, though, is not based on failure of consideration, but on
adequacy of consideration. Therefore, we will address Parker’s argument as one of
adequacy of consideration. A court of law normally will not inquire into the
adequacy of consideration supporting a contract. Neeley v. Intercity Mgmt. Corp.,
623 S.W.2d 942, 953 (Tex. App.—Houston [1st Dist.] 1981, no writ). In the interest
of equity, though, a court may inquire into the adequacy of a contract if there is such
a gross disparity in the relative values exchanged as to show unconscionability, bad
faith, or fraud. Id.; see also City of Lubbock v. Phillips Petroleum Co., 41 S.W.3d
149, 161 (Tex. App.—Amarillo 2000, no pet.); Martin v. Martin, Martin & Richards,
Inc., 12 S.W.3d 120, 125 (Tex. App.—Fort Worth 1999, no pet.). 
          Parker argues that he has raised an issue of material fact on his affirmative
defense of adequacy of consideration because he agreed to sign the note for $120,000
in order to remove a lien on a piece of property that was worth $8,000. He argues
there was insufficient consideration because of the disparity between the amount of
the note and the value of the property. Parker stated that “[t]he property had a net
equity of approximately $8,000.” Net equity does not tell us the value of the
property, only the value of the property that is not encumbered. Parker admitted in
his sworn affidavit that he signed the note to obtain Dodge’s release of the lien she
had on the property.


 Here, Parker received a release on the lien against the piece of
property for his agreement to pay the note. There is no evidence of the value of the
property encumbered by the lien. Under these circumstances, we hold that Parker has
not raised a material fact issue as to the adequacy of the consideration. 
          We overrule Parker’s second issue. 
          Attorney’s Fees
          In his third issue, Parker argues that the award of attorney’s fees to Dodge was
improper because she failed to show her entitlement to summary judgment as a matter
of law. We overruled Parker’s first and second issues, finding that Dodge was
entitled to summary judgment. Therefore, this argument is moot.
          Parker further argues that the attorney’s fees awarded Dodge were
unreasonable. Dodge’s attorney, in a sworn affidavit filed with the trial court, stated
that a substantial portion of his practice was devoted to collection matters and that he
was familiar with the fees charged by attorneys in Harris County. He went on to state
what a reasonable fee would be based on an hourly rate of $185. In response to
Dodge’s attorney’s affidavit, Parker’s attorney merely stated that the fees were
unreasonable and that $22,000 was an unreasonable amount for attorney’s fees. 
Parker provided no other evidence of what would he considered reasonable attorney’s
fees. We find that Parker failed to raise a material fact issue as to the reasonableness
of Dodge’s attorney’s fees. 
          We overrule Parker’s third issue.
          Motion for Continuance
          In his fourth issue, Parker argues that his motion for continuance should have
been granted because he had no time for discovery.
          We will not disturb the trial court’s denial of a motion for continuance except
for a clear abuse of discretion. Levinthal v. Kelsey-Seybold Clinic, P.A., 902 S.W.2d
508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ). When a party contends that
it has not had an adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further discovery or a
verified motion for continuance. Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d
640, 647 (Tex. 1996); see also Tex. R. Civ. P. 166a(g), 251, and 252. Under Rule of
Civil Procedure 166a(g), a nonmoving party is required to file affidavits stating that
the party cannot present through affidavits facts essential to the opposition; the court
can then deny the motion for summary judgment or order a continuance. Tex. R. Civ.
P. 166a(g). Parker filed a verified motion for continuance but did not file any
affidavits explaining the need for further discovery. The trial court did not abuse its
discretion in denying Parker’s motion for continuance, because he did not explain to
the trial court what his need was for further discovery. Therefore, we overrule
Parker’s fourth issue.Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Justice Hedges, Keyes, and Duggan.