

NUMBER 13-13-00670-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROSALVA RUIZ,** **Appellant,**

**v.**

**CBL & ASSOCIATES**
**PROPERTIES, INC.** **Appellee.**

**On appeal from the 445th District Court**
**of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

This cause is pending before the Court on Rosalva Ruiz's appeal of the district

court's order granting a final, take-nothing summary judgment for CBL & Associates

Properties, Inc.  *See* TEX. R. CIV. P. 166a.  Prior to this appeal, Ruiz successfully

challenged a different summary judgment for CBL. *See Ruiz v. CBL & Assocs. Props., Inc.*, No. 13-12-00162-CV, 2012 WL 4335305 (Tex. App.—Corpus Christi Sept. 20, 2012, no pet.) (mem. op.). On remand, the district court entered a second summary judgment for CBL. Ruiz now appeals by the following four issues: (1) summary judgment was precluded by res judicata; (2) summary judgment was improper because there was more than a scintilla of evidence that CBL is the proper party; (3) the district court erred in ruling that Ruiz waived her right to a jury trial; and (4) the district court erred in failing to permit the clerk to include in the record certain binders that the court requested from the parties. For the reasons set forth below, the Court overrules these issues and affirms the district court's judgment.

## I. BACKGROUND

Ruiz sued CBL for fraud, statutory fraud, breach of contract, deceptive trade practices, and breach of the covenant of good faith and fair dealing, arising from her operation of an ice cream business in Sunrise Mall in Brownsville, Texas. In support thereof, Ruiz alleges she "took over" a written lease from a defaulting tenant. According to Ruiz, CBL "was fully apprised of and approved" the assignment. Ruiz further alleges that after "the expiration of the said underlying and assumed written lease, and after operating with no written lease for many months, at some point in time . . . [CBL] promised . . . [Ruiz] a long term lease." According to Ruiz, "the prior representations [were] made by . . . [CBL's] leasing representatives that . . . [Ruiz] would be given a long term lease just like the predecessor's, but with the then extant rental amount," which was less than what the previous tenant had been paying.

2

Ruiz alleges CBL induced her to execute two temporary license documents "for kiosk and cart tenants," even though she "did not have a cart or kiosk" but rather "a large fixed, non-moveable business," based on CBL's "representations about lawsuit exposure." Ruiz alleges she signed the documents "upon [CBL's] . . . representations that such documents were required as 'liability protection' for the mall."

Additionally, Ruiz alleges that during the period she "operated her business, [CBL] . . . violated, first, the existing written lease that [Ruiz] . . . had assumed with [CBL's] . . . full knowledge and approval, second oral representations made by [CBL] . . . , and third even the temporary 'license' documents which [Ruiz] . . . had signed upon [CBL's] . . . representations that such documents were required for 'liability protection' for the mall."

Finally, Ruiz alleges that "[a]t the end of November of 2010, without any sort of prior warning, [CBL] . . . sent [Ruiz] . . . a letter unilaterally terminating [Ruiz's] . . . right to conduct business in Sunrise Mall." Ruiz alleges the following:

> Plaintiff was informed that Defendant expected Plaintiff to vacate her business not later than December 27, 2010. Not only did such notice violate [the] terms of the so-called "license" itself but it also constituted fraudulent conduct because Plaintiff had been promised a long term permanent lease which allegedly was in existence and, based on such promise, Plaintiff had continued to operate her business in circumstances where the main goal was to grow the business to a point that the return would satisfy conventional capital expectations that then existed. As a result of such wrongful demand to vacate Plaintiff not only lost the Christmas season business which all mall tenants use to generate up to 40% of their total yearly business, but also Plaintiff, whose products were perishable, was forced to liquidate inventory at a significant loss.

CBL answered the suit with a general denial, followed by a first amended answer with a general denial and specific answers and defenses. CBL subsequently filed a motion for summary judgment, which was granted by the district court. Ruiz appealed to

this Court, which reversed the district court's judgment and remanded the case to the district court for further proceedings. *See Ruiz*, 2012 WL 4335305, at *1.

On remand, CBL filed a second motion for summary judgment arguing, *inter alia*, Ruiz could produce no evidence that it is a proper party to this suit. The district court granted the motion and entered a final summary judgment. Ruiz then filed a notice of appeal and commenced the instant proceedings before the Court.

## II. STANDARD OF REVIEW

We review summary judgments de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "[T]he moving party [must] identify the grounds for the motion." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "It is well settled that a trial court cannot grant a summary judgment motion on grounds not presented in the motion." *Id.* When, as here, the district court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the grounds presented to the district court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2004).

## III. RES JUDICATA

In her first issue, Ruiz contends that res judicata precluded a second summary judgment. We have reviewed the written response that Ruiz filed to CBL's motion for summary judgment and have determined that Ruiz raised res judicata as an issue precluding summary judgment only with respect to her claim for statutory fraud. Therefore, even if we determine Ruiz's issue based on res judicata is meritorious, we may not reverse the summary judgment of the district court on the basis of res judicata except

4

with respect to Ruiz's claim for statutory fraud.[1]  We therefore confine our analysis to the issue of whether res judicata precluded summary judgment on Ruiz's claim for statutory fraud.[2]

## A. Grounds for Summary Judgment

CBL requested summary judgment on Ruiz's claim for statutory fraud[3] on the ground that Ruiz could produce no evidence CBL made any representations to her regarding the license agreements, alleged lease agreement, or any matter at issue in this suit.  *See* TEX. R. CIV. P. 166a(i).  CBL also argued Ruiz could produce no evidence she

---

[1] This result is dictated by the rules of civil procedure, which limit appellate review of a summary judgment and restrict the issues that may be considered as grounds for reversal by the court of appeals to those expressly presented to the trial court by written motion, answer, or other response.  *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

[2] Again, this result is dictated by the rules of appellate procedure, which require the court of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."  TEX. R. APP. P. 47.1.  To be properly raised and necessary to final disposition of the appeal, an issue must, at a minimum, meet the "prerequisite to presenting a complaint for appellate review."  TEX. R. APP. P. 33.1(a).  To meet the prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that "(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context" and "(B) complied with the requirements of the Texas Rules of Civil . . . Evidence or the Texas Rules of Civil or Appellate Procedure."  TEX. R. APP. P. 33.1(a)(1)(A)–(B).  In addition, the record must also show that the trial court "(A) ruled on the request, objection, or motion, either expressly or implicitly" or "(B) refused to rule on the request, objection, or motion, and the complaining party objected to that refusal."  TEX. R. APP. P. 33.1(a)(2)(A)–(B).  In this instance, the res judicata issue was expressly presented to the district court by Ruiz in her written response to CBL's motion for summary judgment, but she presented the issue only as a ground for the district court to deny CBL's motion for summary judgment as it pertained to her claim for statutory fraud.  *See* TEX. R. CIV. P. 166a(c).  Therefore, the issue of res judicata meets the prerequisite to presenting a complaint on appeal only with respect to the district court's ruling granting CBL's motion for summary judgment on Ruiz's claim for statutory fraud.  *See* TEX. R. APP. P. 33.1.  To the extent Ruiz has asserted res judicata as grounds for reversal of the district court's ruling granting CBL's motion for summary judgment on Ruiz's other claims, we conclude that the issue does not meet the prerequisite to presenting a complaint on appeal, *see id.*, and is therefore not an issue properly raised and necessary to final disposition of the appeal.  *See* TEX. R. APP. P. 47.1.  Therefore, we do not address it.  *See id.*

[3] Section 27.01 of the Texas Business and Commerce Code defines fraud in real estate and stock transactions.  *See* TEX. BUS. & COM. CODE ANN. § 27.01 (West, Westlaw through 2013 3d C.S.).

5

acted on any representations by CBL or suffered any injury based on such reliance. *See*

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

**B. Response to Summary Judgment**

In her response, Ruiz stated the following reason for why the district court could

not properly grant CBL's motion for summary judgment:

> The facts relevant to this issue were previously submitted to the court of appeals and this cause of action [was] upheld, the court of appeals noting: ". . . the deposition excerpts constituted valid summary judgment evidence. Because that evidence created a fact issue [as] to whether CBL made a false promise to Ruiz, the trial court erred in granting summary judgment on Ruiz's statutory fraud claim." That finding is res judicata and cannot be assailed. Plaintiff notes that would be the case even if Defendant had submitted additional summary judgment evidence on point – which it did not. Plaintiff incorporates herein its first summary judgment response and supplement thereto.

Ruiz offered no citations to the record in support of the foregoing assertions; however, as

noted, Ruiz relied on this Court's prior memorandum opinion in the first appeal in this

cause and purported to incorporate her response and supplemental response to a prior

motion for summary judgment filed by CBL.

**C. Applicable Law**

"The Latin phrase 'res judicata' means that the matter has been adjudged; a thing

judicially determined; or a matter settled by judgment." *Abbot Labs. v. Gravis*, 470 S.W.2d

639, 642 (Tex. 1971). "The principle of res judicata is an old one founded upon public

policy." *Id.* "Its function is to expedite justice by putting an end to litigation and to preserve

the sanctity of judgments." *Id.* "Res judicata precludes relitigation of claims that have

been finally adjudicated, or that arise out of the same subject matter and that could have

been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652

(Tex. 1996). "It requires proof of the following elements: (1) a prior final judgment on the

6

merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Id.*

## D. Discussion

For purposes of res judicata and collateral estoppel, a case on remand is not a second action. *See Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, 74 S.W.3d 504, 511 (Tex. App.—Corpus Christi 2002, no pet.) ("When a case has been remanded, the cause is pending and amended pleadings may be filed."). Thus, the doctrines of res judicata and collateral estoppel do not apply here. *See id.* at 512 ("Application of res judicata and collateral estoppel is predicated on the existence of a final judgment in a separate lawsuit. In the instant case, the judgments entered by the trial court were not part of a separate lawsuit, therefore the doctrines of res judicata and collateral estoppel do not bar appellant's action."). Accordingly, based on the foregoing, Ruiz's first issue on appeal is overruled.[4]

## IV. PROPER PARTY

In her second issue, Ruiz argues that summary judgment was improper because she produced more than a scintilla of evidence CBL was the proper party.

---

[4] We note that "[u]nder the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). To the extent that Ruiz contends that the second summary judgment was barred by the law of the case doctrine, we note that the doctrine does not apply when in the second trial or proceeding, one or both of the parties amend their pleadings so that that the issues and facts have substantially changed. *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, 74 S.W.3d 504, 511 (Tex. App.—Corpus Christi 2002, no pet.). On remand, CBL amended its pleadings to deny it is the proper party defendant in this case, to deny it owns or operates Sunrise Mall, and to deny that it was involved in any way in, or responsible for, any of the conduct alleged in support of Ruiz's claims for fraud, statutory fraud, breach of contract, deceptive trade practices, or breach of the covenant of good faith and fair dealing. We conclude that this substantially changed the facts and issues in the case sufficiently to render the law of the case doctrine inapplicable. *Med Ctr. Bank v. Fleetwood*, 854 S.W.2d 278, 283 n.6 (Tex. App.—Austin 1993, writ denied) (noting that it is "especially likely" that the law of the case doctrine will *not* apply if the parties amend their pleadings after the cause is remanded).

**A. Grounds for Summary Judgment**

As set forth above, in its no evidence motion for summary judgment, CBL asserted that summary judgment was proper because Ruiz could not produce any evidence that CBL was the proper party defendant to this suit for purposes of Ruiz's claims for fraud, statutory fraud, breach of contract, deceptive trade practices, and breach of the covenant of good faith and fair dealing. Specifically, on remand, CBL amended its pleadings to deny it was the same "CBL" in Ruiz's deposition testimony. In its motion for summary judgment, CBL argued a number of legally separate and distinct entities exist whose names include the letters "CBL." CBL denied being the same "CBL" entity that owns Sunrise Mall. That entity, according to CBL, is "CBL SM-Brownsville, LLC." CBL offered summary judgment evidence, including two license agreements between Ruiz and "CBL SM-Brownsville, LLC," to prove "CBL SM-Brownsville, LLC" owns Sunrise Mall. CBL also offered the same evidence to prove that "CBL SM-Brownsville, LLC" has a contract with a third "CBL" entity, "CBL & Associates Management, Inc.," which manages and operates Sunrise Mall on behalf of "CBL SM-Brownsville, LLC." In its motion for summary judgment, CBL argued that Ruiz could produce no evidence connecting CBL to the "CBL" entities that own, manage, and operate Sunrise Mall. CBL argued that there was no evidence it was involved in any way in, or responsible for, any of the conduct alleged in support of Ruiz's claims for fraud, statutory fraud, breach of contract, deceptive trade practices, or breach of the covenant of good faith and fair dealing.

**B. Response to Summary Judgment**

In her response to CBL's motion for summary judgment, Ruiz stated the following with respect to CBL being the proper party to this lawsuit:

8

As shown by the exhibits, Plaintiff says Defendant (and "Defendant" includes those entities acting on Defendant's behalf) lied about the nature of the two "licenses" by misrepresenting that the documents were only to protect the mall from potential lawsuits by Plaintiff's customers, made such representations knowing Defendant intended much more, planning surreptitiously to find a national chain replacement for Plaintiff when it could.

Again, this Defendant was the entity that evicted Plaintiff from the mall, that Plaintiff believed had promised her a long term written lease, and that has recently successfully claimed that [the] license it did not sign, allowed Defendant by a license term now claims not to be a party to, and thus to avoid a jury trial.

Ruiz offered no citations to the record in support of the foregoing assertions; however, as noted, Ruiz generally referred to "the exhibits" she attached to her response, which included the following: (1) an unexecuted affidavit by Ruiz; (2) an unauthenticated letter to Ruiz from CBL SM-Brownsville, LLC dated December 2, 2010; and (3) a copy of Ruiz's deposition in this cause, consisting of 104 pages.

## C. Discussion

We conclude Ruiz failed to meet her burden to produce evidence raising genuine issues of material fact on the challenged elements of her claims for fraud, statutory fraud, breach of contract, deceptive trade practices, and breach of the covenant of good faith and fair dealing because her response failed to identify, with specificity, any evidence for the district court to consider on the challenged elements of those claims, to wit: that CBL was the proper party defendant.[5]

---

[5] *See BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507–08 (Tex. App.—San Antonio 2013, pet. denied) ("The nonmovant's response must specifically identify the supporting summary judgment evidence that it seeks to have considered by the trial court.") (quotations omitted); *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("In determining whether a respondent to a no-evidence motion for summary judgment has produced sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance."); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.) ("In determining whether a summary judgment respondent successfully carried its burden, neither this court nor the trial court is required to wade through a voluminous record to marshal respondent's proof."); *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.) ("Attaching entire documents . . . to a

9

"In addition, an appellate court is not free to search the entire record, including materials not cited to or relied on by the trial court." *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.). Furthermore, the statements in Ruiz's response, quoted above, are not competent evidence. *See Acevedo v. Droemer*, 791 S.W.2d 668, 669 (Tex. App.—San Antonio 1990, no writ).[6] Therefore, Ruiz has not established that a no evidence summary judgment was improper or that the district court erred by granting CBL's no evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). Based on the foregoing, the Court overrules Ruiz's second issue.[7]

## V. WAIVER OF JURY TRIAL

In her third issue, Ruiz argues that the district court erred in ruling that she waived her right to a jury trial. As set forth above, Ruiz has failed to establish that any of her claims were improperly dismissed by the district court's summary judgment in favor of CBL. Therefore, the Court overrules her third issue on the grounds that it is moot. *See Bliss v. NRG Indus.*, 162 S.W.3d 434, 437 (Tex. App.—Dallas 2005, pet. denied) ("[I]f

---

response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the . . . response are raised.").

[6] Likewise, to the extent that Ruiz relies on statements made by CBL in superseded pleadings to the effect that it owns or operates Sunrise Mall, we note that statements in superseded pleadings are not considered judicial admissions. *See Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995).

[7] In the Court's prior decision, it held that certain testimony in a two-page excerpt from Ruiz's deposition "created a fact issue as to whether CBL made a false promise to Ruiz," thus defeating CBL's entitlement to judgment as a matter of law. *Ruiz*, 2012 WL 4335305, at *6. In the testimony quoted by the Court, Ruiz states, "CBL [falsely] promised me a long-term lease." *Id.* On remand, facing CBL's new and different motion for summary judgment, this one asserting no evidence grounds, Ruiz tried to use this same testimony again to create a fact issue. *See* TEX. R. CIV. P. 166a(i). However, as set forth above, her attempt failed because she merely attached her entire deposition to her response and did not direct the district court's attention to any specific portion of the testimony that she wanted the district court to consider for purposes of defeating CBL's motion for summary judgment. Moreover, Ruiz's deposition testimony did not acknowledge the uncontroverted fact that there are multiple "CBL" entities or specifically identify which particular "CBL" entity had wronged her.

there is nothing to submit to a jury, then the grant of summary judgment cannot violate a party's constitutional right to a jury trial.").

## VI. DUE PROCESS

In her fourth issue, Ruiz argues that the district court violated her right to due process by failing to permit the clerk to include in the appellate record certain binders the court requested from the parties. We have reviewed the record and have found no indication that Ruiz brought this complaint to the attention of the district court or that she obtained a ruling on the issue from the district court. *See* TEX. R. APP. P. 33.1. Furthermore, in light of our holding with respect to Ruiz's first and second issues, we conclude that the error, if any, would not be reversible error because Ruiz has failed to establish that her claims were erroneously dismissed by the district court's summary judgment. *See* TEX. R. APP. P. 44.1. Therefore, based on the foregoing, the Court overrules Ruiz's fourth issue.

## VII. CONCLUSION

The Court affirms the district court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
21st day of August, 2014.

11