The CITY OF BEAUMONT, Petitioner,

v.

Marilyn GUILLORY and Clayton Guillory, Respondents.

No. C–7318.

Supreme Court of Texas.

June 1, 1988.

Rehearing Denied July 6, 1988.

Frank D. Calvert, Benckenstein, Oxford, Radford & Johnson, Beaumont, for petitioner.

Alto V. Watson, II, Dryden, Watson & Grossheim, Beaumont, for respondents.

PER CURIAM.

This is a summary judgment case involving governmental immunity in a wrongful death action. Marilyn Guillory and Clayton Guillory are the parents of the decedent, Cynthia Guillory, who was killed while crossing an intersection to get to her elementary school. They sued only the City of Beaumont, alleging negligence in the failure to maintain the school crossing guard approximately one block away from the site of the accident, the failure to erect other warnings or safety procedures once the guard was removed, and the failure generally to warn and protect against the type of accident that killed their daughter. The City brought in the driver of the vehicle that struck the child on a third-party indemnity claim.

The City defended in part on the ground that the decision to provide a crossing guard was a governmental function or discretionary legislative decision so that the City was immune from liability. The City moved for partial summary judgment, only with respect to the allegations of a duty to keep a crossing guard at the intersection one block away from the fatal accident site. The trial court sustained the City's motion for partial summary judgment and signed an order, entitled "Order Granting Motion for Partial Summary Judgment," that recited:

The Motion for Partial Summary Judgment of Defendant, CITY OF BEAUMONT, be and the same is hereby, GRANTED * * *, on the issues regarding the alleged duty of Defendant CITY OF BEAUMONT to provide and/or maintain a crossing guard at or near the location in question on the date the accident made the basis of this cause of action occurred.

The order did not expressly state that all issues were resolved, nor that all matters between all parties were decided. In particular, it did not state that any cross-claims between the City and the driver as a third-party defendant were resolved. There is no order of severance in the trial court record. The parents purported to appeal from this order.

The court of appeals reversed the order of the trial court. 746 S.W.2d 16. The intermediate appellate court wrote that whether the order was a final, appealable judgment was a "troublesome question," but concluded the order was appealable because its effect was "to deny decedent's parents of a realistic day in court." The court of appeals clearly erred in holding the partial summary judgment was a final, appealable judgment.

A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues expressly presented, not all issues in the case. A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues. *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 201 (1959). The opinion of the court of appeals in the present case is in clear and open conflict with our opinions in the *Teer v. Duddlesten* and *Pan American Petroleum Corporation* cases. Accordingly, we grant the City of Beaumont's application for writ

of error and without hearing oral argument a majority of the court reverses the judgment of the court of appeals and renders judgment dismissing the appeal.  Tex.R. App.P. 133(b).