Mary Edna **RAMONES**, Appellant,

v.

Elizabeth **BRATTENG**, M.D., Appellee.

No. 01–88–00368–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 23, 1989.

Rehearing Denied March 30, 1989.

Lange Hollrah, Thoma Hollrah, Houston, for appellant.

John Roberson, John Landa of Hill Parker, Franklin, Cardwell & Jones, Houston, for appellee.

Before DUNN, WARREN and HUGHES, JJ.

## OPINION

DUNN, Justice.

Appellee has filed a motion to dismiss this appeal, arguing that this Court lacks jurisdiction because the appeal bond was not filed within 30 days after the final judgment was signed.

The issue in this case is whether a summary judgment in favor of one defendant is final even though it does not specifically incorporate a partial summary judgment granted in favor of the only other defendant.

Appellant Ramones sued appellee, Bratteng, and Lindsay, a guardian ad litem, for alleged professional negligence regarding their services rendered in a suit to modify appellant's divorce decree. The trial court granted Lindsay's motion for summary judgment on September 23, 1986. The court did not sever the summary judgment. On December 30, 1987, the trial court granted appellee's motion, and the summary judgment was signed. This order granting summary judgment did not refer to the previous interlocutory order and did not mention defendant Lindsay. On March 5, 1988, the trial court signed a "final judgment" expressly incorporating both of the previous orders. Appellant filed the appeal bond on April 4, 1988.

Appellee argues that the judgment of December 30, 1987, was final under *Zachry v. Thibodeaux*, 364 S.W.2d 192 (Tex.1963), and consequently, that the subsequent order of March 5, 1988, was a nullity. We find this argument persuasive. The body of case law cited by appellant, including *City of Beaumont v. Guillory*, 751 S.W.2d 491 (Tex.1988), holds that a summary judgment that does not dispose of all the parties and issues is interlocutory in nature and not appealable. In *Guillory*, the city moved for summary judgment on the issue of whether it had a duty to post a crossing guard near the site of the accident. The trial court granted the partial summary judgment as to the lone issue of the crossing guard, and the Guillorys attempted to appeal. At that point, the *Guillory* court had not disposed of other pending issues and parties before the court.

To be final, and thus appealable, a summary judgment must dispose of all issues and parties in a case. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). When the court enters an interlocutory order that disposes of one or more defendants, and then enters a subsequent order disposing of the remaining defendant, or defendants, the second order is a final and appealable judgment. *Zachry*, 364 S.W.2d at 193; *Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd); *Corso v. Carr*, 634 S.W.2d 804, 810 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

In our case, the court's summary judgment entered on December 30, 1987, disposed of the only remaining defendant in the suit, leaving no outstanding issues or parties before the court. Therefore, we hold that the judgment of December 30, 1987, was final, and the trial court lost its jurisdiction 30 days after that date. The judgment of March 5, 1988, was a nullity, and we have no jurisdiction over this appeal.

We grant appellee's motion to dismiss and dismiss the appeal.