TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00461-CV

Michael McGraw, Appellant

v.

Travis County District Attorney, James Guice, Cynthia Seago,

William Bastow, and Leo Enriquez, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 95-01589, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING

PER CURIAM

 Michael McGraw seeks to appeal the trial court's judgment against him and Clifford
Hoffman. Because the judgment is interlocutory, we will dismiss the appeal for want of
jurisdiction.

 Alleging they were damaged when property was confiscated during an arrest,
McGraw and Hoffman sued the City of Austin, Texas; Travis County District Attorney; Leo
Enriquez; Cynthia Seago; James Guice; and William Bastow. The trial court dismissed with
prejudice McGraw and Hoffman's claims against the Travis County District Attorney. Enriquez,
Seago, and Guice then moved for summary judgment on McGraw and Hoffman's claims against
them. The court granted their motion, and McGraw filed a notice of appeal.

 With exceptions not applicable here, an appellate court has jurisdiction only over
appeals from final judgments. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990). See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1997). To be final, the
judgment must dispose of all parties and issues before the court. Mafrige v. Ross, 866 S.W.2d
590, 591 (Tex. 1993). Because the City of Austin does not appear to have been served and did
not answer, the suit can be considered discontinued as to it. Youngstown Sheet & Tube Co. v.
Penn, 363 S.W.2d 230, 232 (Tex. 1962). The court's orders do not, however, dispose of
McGraw and Hoffman's claims against Bastow, nor do they address Enriquez, Seago, Guice,
Bastow, and the District Attorney's claims for costs. And because the orders do not result from
a conventional trial on the merits, we cannot presume that the court intended to dispose of these
parties and issues. City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988). Presented
with a judgment that is not final, we lack jurisdiction over the appeal.

 We therefore dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

Before Chief Justice Aboussie, Justices Powers and Kidd

Dismissed for Want of Jurisdiction

Filed: December 10, 1998

Do Not Publish