TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00322-CV

Michael McGraw, Appellant

v.

City of Austin, Texas; Austin Police Department; Travis County District Attorney;

James Guice; Cynthia Seago; William Bastow; and Leo Enriquez, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 95-01589, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 

 Michael McGraw seeks to appeal the district court's judgment against him and
Clifford Hoffman. Appellee Travis County District Attorney moves to dismiss the appeal for
want of jurisdiction.

 Alleging that they were damaged when property was confiscated during an arrest,
McGraw and Hoffman sued the City of Austin, Texas; the Austin Police Department; the Travis
County District Attorney; Leo Enriquez; Cynthia Seago; James Guice; and William Bastow. In
their second amended petition, McGraw and Hoffman added claims against Wade Russell, David
Counts, and Steve Hamblin. (1) The district court dismissed with prejudice McGraw and Hoffman's
claims against the Travis County District Attorney. Enriquez, Seago, and Guice then moved for
summary judgment on McGraw and Hoffman's claims against them. The court granted the
motion for summary judgment. McGraw filed a notice of appeal.

 With exceptions not applicable here, an appellate court has jurisdiction only over
appeals from final judgments. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990); see Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1997). To be final, the
judgment must dispose of all parties and issues before the court. Mafrige v. Ross, 866 S.W.2d
590, 591 (Tex. 1993). The court's orders here do not dispose of McGraw and Hoffman's claims
against Bastow, the City of Austin, and the Austin Police Department. Assuming that the
limitations period has not expired, Russell, Counts, and Hamblin could still be served and made
parties in the district court. Because the court's orders do not result from a conventional trial on
the merits, we cannot presume that the court intended to dispose of all parties and issues. City
of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988). Presented with a judgment that is
not final, we lack jurisdiction over the appeal.

 We therefore grant the Travis County District Attorney's motion to dismiss and
dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: January 27, 2000

Do Not Publish
1. McGraw and Hoffman requested in their second amended petition that the district court
cause Russell, Counts, and Hamblin to be served. The record does not show that, in the two
years between the filing of the second amended petition and the notice of appeal, Russell, Counts,
or Hamblin were ever served or that they answered or otherwise appeared in the district court.