# NO. 12-09-00239-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE B. DE LA CERDA ,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *SUZAN VAUGHN,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Jose B. De La Cerda appeals the trial court's summary judgment order in favor of Suzan Vaughn. In one issue, De La Cerda argues that the trial court's summary judgment order should be reversed. We dismiss for want of jurisdiction.

## JURISDICTION

De La Cerda seeks direct appeal of the trial court's order granting summary judgment in regard to any claims against Vaughn. However, Vaughn was one of many defendants in the suit. The trial court's summary judgment order disposed only of any claims against Vaughn. The record reflects that the claims against the other defendants remain active.

As a general rule, a direct appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In order to be final and appealable, a judgment must dispose of all issues and parties in the case. *Id.* A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues expressly presented, not all issues in the case. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988). "A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has

been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." ***Id.***

The summary judgment order signed by the trial court in the case at hand expressly stated that it disposed of De La Cerda's claims against Vaughn. The order did not address the remaining defendants. Nor does the record reflect that any other defendant had sought summary judgment. Further, De La Cerda's claims against Vaughn have not been severed from his claims against the other defendants to the suit. *See **id.*** Therefore, the summary judgment order is interlocutory. *See **id.*** Accordingly, the order is not appealable, and we have no jurisdiction to review it.[1]

## DISPOSITION

Because we have no jurisdiction to review the order in question, the appeal is ***dismissed for want of jurisdiction.***

___BRIAN HOYLE___
Justice

Opinion delivered August 11, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] We note the existence of certain statutory exceptions that allow for the direct appeal of an interlocutory summary judgment order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). However, those exceptions are not applicable to this case. *See **id.***