NO









NO. 12-09-00239-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JOSE B. DE LA CERDA ,

APPELLANT                                                     '     APPEAL
FROM THE 87TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

SUZAN VAUGHN,                                            '     ANDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Jose
B. De La Cerda appeals the trial court’s summary judgment order in favor of
Suzan Vaughn.  In one issue, De La Cerda argues that the trial court’s summary
judgment order should be reversed.  We dismiss for want of jurisdiction.

 

Jurisdiction

            De
La Cerda seeks direct appeal of the trial court’s order granting summary
judgment in regard to any claims against Vaughn.  However, Vaughn was one of
many defendants in the suit.  The trial court’s summary judgment order disposed
only of any claims against Vaughn.  The record reflects that the claims against
the other defendants remain active.

            As a
general rule, a direct appeal may be taken only from a final judgment. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  In order to be final
and appealable, a judgment must dispose of all issues and parties in the case. Id.
 A summary judgment, unlike a judgment signed after a trial on the merits, is
presumed to dispose of only those issues expressly presented, not all issues in
the case. City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex.
1988).  “A summary judgment that fails to dispose expressly of all parties and
issues in the pending suit is interlocutory and not appealable unless a
severance of that phase of the case is ordered by the trial court; in the
absence of an order of severance, the party against whom an interlocutory
summary judgment has been rendered has his right of appeal when and not before
such partial summary judgment is merged in a final judgment disposing of all
parties and issues.” Id.

            The
summary judgment order signed by the trial court in the case at hand expressly
stated that it disposed of De La Cerda’s claims against Vaughn.  The order did
not address the remaining defendants.  Nor does the record reflect that any
other defendant had sought summary judgment.  Further, De La Cerda’s claims
against Vaughn have not been severed from his claims against the other
defendants to the suit. See id.  Therefore, the summary judgment
order is interlocutory. See id.  Accordingly, the order is
not appealable, and we have no jurisdiction to review it.[1]

 

Disposition

            Because
we have no jurisdiction to review the order in question, the appeal is dismissed
for want of jurisdiction.

                                                                                                    
BRIAN HOYLE__    

                                                                                                             
Justice

 

 

Opinion delivered August 11, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









                [1]
We note the existence of
certain statutory exceptions that allow for the direct appeal of an
interlocutory summary judgment order.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 2008). 
However, those exceptions are not applicable to this case.  See id.