02-11-281-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00281-CV

 

 


 
 
 Randle Daniels
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Clark Giddings and State Farm Lloyds
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 96th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Randle Daniels attempts to appeal from an April 29, 2011 order granting summary
judgment for Appellee State Farm Lloyds.  On August 12, 2011, we notified
Daniels of our concern that this court may not have jurisdiction over the appeal
because the April 29, 2011 order and a May 23, 2011 order of nonsuit do not
appear to dispose of all parties in the case, particularly Appellee Clark
Giddings.  We informed Daniels that unless he or any party desiring to continue
the appeal filed with the court, on or before August 25, 2011, a response
showing grounds for continuing the appeal, the appeal would be dismissed for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Daniels filed a
response acknowledging that the appeal was premature because additional parties
remained who were not subject to the summary judgment order.  Accordingly,
because the April 29, 2011 order is neither a final judgment nor an appealable
interlocutory order, we dismiss this appeal for want of jurisdiction.  See
Tex. R. App. P. 43.2(f); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205
(Tex. 2001) (reasoning that an order or judgment is not final for purposes of
appeal unless it actually disposes of every pending claim and party or clearly
and unequivocally states that it finally disposes of all claims and parties); see
City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988) (reasoning
that in the absence of a severance, the party against whom an interlocutory
summary judgment has been rendered has the right of appeal when and not before
the partial summary judgment is merged in a final judgment disposing of all
parties and issues).

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.