**DISMISS; Opinion issued December 21, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00651-CV

### LINDA YOUNG, Appellant

### V.

### GOLFING GREEN HOMEOWNERS ASSOCIATION, INC., Appellee

On Appeal from the County Court at Law
Kaufman County, Texas
Trial Court Cause No. 76706-CC

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Subject to a few mostly statutory exceptions not applicable here, appellate courts have jurisdiction only over appeals taken from final judgments that dispose of all pending parties and claims in the record. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In this appeal, Linda Young challenges an order granting an interlocutory summary judgment to the Golfing Green Homeowners Association, Inc. on its claims against Young. The order indicates the trial court found Young to be in violation of certain provisions of the neighborhood's declaration of covenants and rules of conduct and, as requested by Golfing Green, granted permanent injunctive relief requiring, among other things, that Young make certain permanent changes to her premises. The interlocutory order, however, does not provide a date by which Young must comply, specifically states it does not dispose of Young's counterclaims against Golfing Green, and "[d]ecree[s]" that

Golfing Green "shall have all writs of execution and other processes necessary to enforce this judgment when same becomes final."

At our direction, the parties filed briefs addressing our jurisdiction over the order. Young contends in her brief that we have jurisdiction because the summary judgment disposed of all of Golfing Green's claims, including a claim for permanent injunctive relief. Golfing Green counters we do not have jurisdiction because Young's counterclaims remain pending. We agree with Golfing Green. Although it grants permanent injunctive relief, the interlocutory summary judgment order fails to expressly dispose of Young's counterclaims and makes enforcement of the injunctive relief granted dependent on the disposition of Young's counterclaims. A summary judgment that fails to dispose of all claims, even if it grants a permanent injunction, is interlocutory and unappealable. *See City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam); *Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435 (Tex. Civ. App.—Dallas 1974, no writ).

In concluding we lack jurisdiction over this appeal, we distinguish the facts before us from the facts in *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334 (Tex. 2000) (per curiam). In *Qwest*, the trial court entered an order restricting Qwest's activities in the United States for a period of three years. The court of appeals dismissed Qwest's interlocutory appeal of the order, concluding the order did not meet the "traditional requirements" of a temporary injunction because it did not preserve the status quo, require a bond, set a trial date, or require the clerk to issue a writ of injunction and because the order's duration was not limited until final judgment or further order of the court. *Id.* at 335. Reversing the court of appeals' judgment, the supreme court concluded that "[b]ecause the trial court's order place[d] restrictions on Qwest and [was] made effective immediately so that it operate[d] during the pendency of the suit, it function[ed] as a temporary injunction." *Id.* at 337.

Here, Young did not file a notice of accelerated appeal and does not argue the injunctive relief granted, though referred to as "permanent" by the trial court, is temporary and confers jurisdiction upon us pursuant to section 51.014(a)(4). Additionally, the complained-of order followed a hearing on a motion for summary judgment and was not based on any pleadings seeking temporary injunctive relief. In fact, Golfing Green never sought temporary injunctive relief. Finally, the summary judgment order does not contain a date by which Young must comply with the permanent injunction or provide an enforcement mechanism for non-compliance until following disposition of Young's counterclaims.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

ROBERT M. FILLMORE
JUSTICE

120651F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LINDA YOUNG, Appellant

No. 05-12-00651-CV      V.

GOLFING GREEN HOMEOWNERS
ASSOCIATION, INC., Appellee

Appeal from the County Court at Law of
Kaufman County, Texas. (Tr.Ct.No. 76706-
CC).

Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellee Golfing Green Homeowners Association, Inc. recover its costs of this appeal from appellant Linda Young.

Judgment entered December 21, 2012.

_____
ROBERT M. FILLMORE
JUSTICE