

# Fourth Court of Appeals
## San Antonio, Texas

February 21, 2014

No. 04-13-00854-CV

**ESTATE OF MARTHA JANE VALDEZ, DECEASED,**

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 2008-PC-3026
The Honorable John D. Hutchinson, Judge Presiding

## O R D E R

Appellant Jerry Valdez seeks to appeal the trial court's order signed on September 9, 2013 titled "Order Requiring Joinder of the Heirs of the Decedent as Parties to the Cause." Although the order provides that Valdez's application for probate of the will of Martha Jane Valdez will be dismissed *in the event* that Jerry Valdez fails to join as parties to the case the heirs of Martha Jane Valdez, the clerk's record does not actually contain an order dismissing the application.

Appellate courts have jurisdiction over appeals from final judgments and appeals from certain designated interlocutory orders. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008) (designating appealable interlocutory orders).

Because the September 9, 2013 order does not dispose of all pending claims and parties in the underlying action, and no severance order appears in the record, the September 9, 2013 order appears to be interlocutory. *See Lehmann,* 39 S.W.3d at 200; *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988). It is therefore ORDERED that appellant show cause in writing within 15 days of the date of this order why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines are suspended pending our determination of whether we have jurisdiction over this appeal.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of February, 2014.

_____
Keith E. Hottle
Clerk of Court