

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00446-CV

PETER PAYNE, MARY BETH
PAYNE, DAVID HOWARD,
OKSANA HOWARD, CHRISTINA
CHILDRES, DONNA HARRIS, AND
MELVIN HARRIS

APPELLANTS

V.

THE CITY OF FRISCO

APPELLEE

**AND**

### NO. 02-14-00067-CV

PETER PAYNE, MARY BETH
PAYNE, DAVID HOWARD,
OKSANA HOWARD, MELVIN
HARRIS, DONNA HARRIS, AND
CHRISTINA CHILDERS

APPELLANTS

V.

HIGHLAND HOMES, LTD.

APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

# MEMORANDUM OPINION[1]

----------

These are attempted appeals from the trial court's orders granting appellee the City of Frisco's plea to the jurisdiction and appellee Highland Homes, Ltd.'s motion for summary judgment. We dismiss the appeals for want of jurisdiction.

A complete recitation of the factual background of these appeals is necessary. Appellants Peter Payne, Mary Beth Payne, David Howard, and Oksana Howard (the Payne-Howard plaintiffs) filed suit against Highland Homes, Ltd. and "other defendants"[2] in June 2011. In November 2011, the Payne-Howard plaintiffs amended their petition and added as plaintiffs appellants Melvin Harris, Donna Harris, and Christine Childers (the Harris-Childers plaintiffs). On March 20, 2012, the trial court granted summary judgment in favor of Highland Homes as to all claims raised by the Harris-Childers plaintiffs against Highland Homes and granted a partial summary judgment in favor of Highland Homes as to several, but not all, of the claims raised by the Payne-Howard plaintiffs against Highland Homes. That same day, the trial court severed the claims brought by the Harris-Childers plaintiffs against Highland Homes into a new cause number

---

[1]*See* Tex. R. App. P. 47.4.

[2]We presume these "other defendants" were those listed in subsequent court filings and orders: J. Baker Corporation; Landstar Homes Dallas, Ltd.; GCS Trails of Frisco, L.P.; and Sun Den Frisco Investment LP.

and stated that the order granting Highland Homes a summary judgment as to the Harris-Childers plaintiffs' claims "disposes of all claims by and against those parties, and is final and appealable." *See generally City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) (holding summary judgment is made final if trial court severs unadjudicated issues and parties). On October 9, 2012, the Payne-Howard plaintiffs and the Harris-Childers plaintiffs filed an amended petition against Highland Homes, the parties listed in footnote two, and the City (the amended petition).

On April 29, 2013, the trial court granted the City's plea to the jurisdiction and dismissed with prejudice "the plaintiff's [sic] claims against defendant City of Frisco." On July 26, 2013, the Harris-Childers plaintiffs and the Payne-Howard plaintiffs filed a notice of accelerated appeal from the trial court's order granting the City's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2013). On September 19, 2013, we dismissed the attempted accelerated appeal for want of jurisdiction because the notice of appeal was untimely filed. *Payne v. City of Frisco*, No. 02-13-00264-CV, 2013 WL 5303584, at *1 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.); *see* Tex. R. App. P. 26.1(b).

On November 25, 2013, the trial court granted Highland Homes a summary judgment apparently as to all of the claims brought by the Payne-Howard plaintiffs against Highland Homes. Indeed, Highland Homes states that the summary-judgment order disposed of "all of the remaining claims against it."

3

The summary-judgment order contained no language purporting to dispose of all remaining claims and parties in the case.

On December 13, 2013, the Payne-Howard plaintiffs and the Harris-Childers plaintiffs again filed a notice of appeal from the trial court's April 29, 2013 order granting the City's plea to the jurisdiction (the plea appeal). In the notice of appeal, they asserted that the interlocutory order on the City's plea to the jurisdiction became final on November 25, 2013, when the trial court granted Highland Homes' motion for summary judgment as to the claims the Payne-Howard plaintiffs brought against it. On December 20, 2013, the Payne-Howard plaintiffs and the Harris-Childers plaintiffs filed a motion for new trial in the trial court challenging the trial court's November 25, 2013 order granting Highland Homes a summary judgment. *See* Tex. R. Civ. P. 320, 329b(a). The motion included no argument but merely stated that "Plaintiffs pray for a new trial." *See* Tex. R. Civ. P. 322.

On January 2, 2014, we notified the parties in the plea appeal that we did not believe we had jurisdiction "because it [the April 29, 2013 order] does not appear to be a final judgment or an appealable interlocutory order." *See* Tex. R. App. P. 42.3. On February 14, 2014, the Payne-Howard plaintiffs and the Harris-Childers plaintiffs responded that our jurisdiction attached because, although an interlocutory appeal from an order granting or denying a plea to the jurisdiction may be immediately appealed, an immediate appeal is not mandatory; thus, they could wait to appeal the trial court's grant of the City's plea to the jurisdiction until

4

after a final order—here, the November 25, 2013 summary-judgment order as to the Payne-Howard plaintiffs' claims brought against Highland Homes—was entered.

On February 21, 2014, the Payne-Howard plaintiffs and the Harris-Childers plaintiffs filed a notice of appeal from the trial court's November 25, 2013 summary-judgment order (the summary-judgment appeal). In the notice, they stated that the Harris-Childers plaintiffs joined in the notice because of "the uncertainty as to whether all of their claims were transferred into the cause of action that was previously severed from this cause of action" on March 20, 2012.[3] On February 27, 2014, we again informed the parties in the plea appeal that we questioned our jurisdiction because the November 25, 2013 summary-judgment order did not dispose of all claims raised in the amended petition. *See* Tex. R. App. P. 42.3. That same day, we notified the parties in the summary-judgment appeal that we questioned our jurisdiction because "there are remaining claims asserted in the . . . petition, filed October 9, 2012, that are still pending." *See id.* On March 10, 2014, two documents were filed in the summary-judgment appeal: (1) Highland Homes filed a motion to dismiss the appeal and argued that the motion for new trial was ineffective to extend the appellate timetable, which rendered the February 21, 2014 notice of appeal from

---

[3]The Harris-Childers plaintiffs did not appeal the March 20, 2012 order disposing of their claims that were then pending against Highland Homes and that were severed on March 20, 2012.

5

the November 25, 2013 summary-judgment order untimely and (2) the Payne-Howard plaintiffs and the Harris-Childers plaintiffs responded to our February 27, 2014 jurisdiction letter and stated that they "agree that the above referenced matter [the November 25, 2013 summary-judgment order] is not final."

We do not have jurisdiction over either the plea appeal or the summary-judgment appeal. Even if the motion for new trial was effective to extend the appellate timetable and even if any appeal of the trial court's order granting the City's plea to the jurisdiction could be delayed until after a final judgment had been entered, no judgment or other order disposing of all issues and parties in the suit as alleged in the amended petition has been entered by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ."); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) ("A final judgment is one which disposes of all legal issues between all parties."). The April 29, 2013 order granting the City's plea to the jurisdiction solely addressed the claims raised against the City by the Payne-Howard plaintiffs and the Harris-Childers plaintiffs in the amended petition. The November 25, 2013 summary-judgment order only addressed the claims brought against Highland Homes by the Payne-Howard plaintiffs in the amended petition. None of the claims brought against the parties named in footnote two have been disposed of, and it appears that the Harris-Childers plaintiffs again raised claims against Highland Homes in the amended petition, which was filed after the trial court

6

granted Highland Homes a summary judgment as to the claims originally brought against it by the Harris-Childers plaintiffs and after the trial court severed those claims.[4]  *See* Tex. R. Civ. P. 62, 65.  Thus, we do not have jurisdiction over either appeal and we dismiss the appeals for want of jurisdiction.[5]  *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  April 10, 2014

---

[4]We recognize that the amended petition may not have operated to re-allege or newly allege claims against Highland Homes by the Harris-Childers plaintiffs if the trial court did not grant them leave to file such claims after summary judgment was granted and a severance ordered.  *See Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 780 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  But because other claims and parties in the amended petition remain pending, this issue is not determinative of our jurisdictional question.

[5]We deny Highland Homes' motion to dismiss because it asserts our lack of jurisdiction on a different ground than on the basis we dismiss today.