# NO. 12-20-00081-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD W. REYNOLDS AND MARY S. REYNOLDS,*<br>*APPELLANTS* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *AARON D. BARRON,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Ronald W. Reynolds and Mary S. Reynolds sued multiple parties, including Aaron D. Barron. They appealed from an order granting a motion for summary judgment in favor of Barron, and sustaining evidentiary objections. The trial court's order dismissed the Reynolds' claims against Barron and Barron filed a motion to sever those claims so that the order granting summary judgment could become final and appealable. On April 30, 2020, the Reynolds filed a joint motion to abate this appeal on grounds that the record consisted of multiple interlocutory summary judgment orders but no final judgment. According to the motion, the trial court ordered an abatement of the case because of the COVID-19 pandemic; thus, no severance as to the claims against Barron had been entered and the Reynolds' claims against other defendants remain pending. This Court granted the motion to abate and extended the due date for the Reynolds' brief to June 1. However, that time period expired without a brief or other filing from the Reynolds. Nor has the record been supplemented to include an order granting Barron's severance motion.

Accordingly, on August 7, the Clerk of this Court notified the Reynolds that the record failed to show the jurisdiction of this Court, specifically, there is no final judgment or appealable order contained therein. We further notified the Reynolds that the appeal would be dismissed

1

unless the record is amended on or before September 8 to show this Court's jurisdiction. The September 8 deadline passed without any response from the Reynolds, and this Court has received no supplemental clerk's record.

On its own initiative after giving ten days' notice to all parties, the appellate court may dismiss the appeal if it is subject to dismissal for want of jurisdiction. TEX. R. APP. P. 42.3(a). When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 205 (Tex. 2001). "An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties." ***Id***. "Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality *if there are no other claims by other parties*; but language that 'plaintiff take nothing by his claims against X' when there is more than one defendant or other parties in the case does not indicate finality." ***Id***.

A summary judgment is presumed to dispose of only those issues expressly presented. ***City of Beaumont v. Guillory***, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam). "A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court[.]" ***Id***. Absent an order of severance, the "party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." ***Id***.

The order granting Barron's summary judgment motion does not dispose of the Reynolds' claims against the remaining defendants. And nothing in the clerk's record demonstrates that those claims have been otherwise disposed. Additionally, there has been no order severing the Reynolds' claims against Barron. *See id*.; *see also **De La Cerda v. Vaughn***, No. 12-09-00239-CV, 2010 WL 3168219, at *1 (Tex. App.—Tyler Aug. 11, 2010, no pet.) (mem. op.). Accordingly, the order is not a final judgment. *See **Lehmann***, 39 S.W.3d at 205. Nor is the order appealable as interlocutory. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2020) (appeal from interlocutory order). Because the order of dismissal is neither a final judgment nor an appealable interlocutory order, we ***dismiss*** the appeal for want of jurisdiction.

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 14, 2020

NO. 12-20-00081-CV

**RONALD W. REYNOLDS AND MARY S. REYNOLDS,**
Appellant
V.
**AARON D. BARRON,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-1864-A)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*