# NO. 12-23-00182-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK RANDALL DRIVER AND KATI NICOLE DRIVER, APPELLANTS* | *§* | *APPEAL FROM THE 294TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *CALLENDER LAKE PROPERTY OWNERS IMPROVEMENT ASSOC., INC., APPELLEE* | *§* | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Mark Randall Driver and Kati Nicole Driver filed a notice of appeal from the trial court's grant of summary judgment in favor of Callender Lake Property Owners Improvement Association, Inc. The Drivers subsequently filed an unopposed motion to determine appellate jurisdiction, in which they informed this Court that the appealed summary judgment does not appear to dispose of all claims between the parties because the Association's counterclaim for breach of contract is still pending in the trial court. They ask this Court to dismiss, or alternatively, abate the appeal.

When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 205 (Tex. 2001). A summary judgment is presumed to dispose of only those issues expressly presented. ***City of Beaumont v. Guillory***, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam). "A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court[.]" ***Id***. Absent an order of severance, the "party against

whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." *Id*.

The trial court's summary judgment order grants the Association's traditional motion for partial summary judgment and no-evidence motion for summary judgment. In doing so, the trial court concluded that the Association is entitled to judgment as a matter of law on all the Drivers' causes of actions against it and ordered that those claims be dismissed with prejudice to the re-filing of same. However, the Association asserted a counterclaim against the Drivers for breach of contract and attorney's fees. The summary judgment order did not dispose of that counterclaim claim, and it remains pending. This Court is unaware of when the Association's counterclaim may be disposed.

Thus, the record demonstrates this is not a case in which the trial court made a final ruling but has yet to sign a final, appealable order or judgment. Because there is no final judgment or appealable interlocutory order from which the Drivers may appeal, we **grant** the Drivers' request to dismiss the appeal and **dismiss** the appeal for **want of jurisdiction**.[1] This dismissal does not preclude the Drivers from filing a timely notice of appeal after final judgment. *See* TEX. R. APP. P. 26.1; *see also **Ratliff v. McCrummen***, No. 07-18-00058-CV, 2018 WL 2709492, at *1 (Tex. App.—Amarillo June 5, 2018, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal from non-final judgment and noting that dismissal is without prejudice to refiling upon final judgment); ***Barnes v. Navarro Hosp., LP***, No. 10–12–00380–CV, 2013 WL 387880, at *1 (Tex. App.—Waco Jan. 31, 2013, no pet.) (mem. op.) (same).

Opinion August 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] Texas Rule of Appellate Procedure 27.1, which governs prematurely filed notices of appeal in civil cases, "does not contemplate an appellate place holder until there is a final appealable judgment." ***Ganeson v. Reeves***, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied); *see* TEX. R. APP. P. 27.1(a). The Rule is "designed to make it clear that a notice of appeal filed before the final appealable judgment is rendered is nevertheless effective to invoke our appellate jurisdiction of such a judgment." ***Ganeson***, 236 S.W.3d at 817. Rule 27.1 does not require an appellate court to "docket and hold an appeal open until there is an appealable judgment or order at some future date." *Id*.; ***Dias v. Dias***, No. 13-11-00756-CV, 2012 WL 171913, at *2 (Tex. App.—Corpus Christi Jan. 19, 2012, no pet.) (mem. op.) (per curiam). Accordingly, we decline to abate the appeal in lieu of dismissal. *See **Burns v. Burns***, No. 12-22-00051-CV, 2022 WL 1483623, at *1-2 (Tex. App.—Tyler May 11, 2022, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal from summary judgment motion where attorney's fees claim remained pending and declining to abate under Rule 27.1).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2023**

**NO. 12-23-00182-CV**

**MARK RANDALL DRIVER AND KATI NICOLE DRIVER,**
Appellants
V.
**CALLENDER LAKE PROPERTY OWNERS IMPROVEMENT ASSOC., INC.,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 20-00096)

THIS CAUSE came on to be heard on the unopposed motion of the Appellants to determine appellate jurisdiction and their request to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the request for dismissal be **granted** and the appeal be **dismissed for want of jurisdiction,** and that the decision be certified to the court below for observance. Costs are taxed against the party incurring same.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*