# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN LASITER AND INTERVENORS JOSEPH PETE WICK, RITA REX, CAROLYN CLARK AND LONNIE CLARK,* | § | *APPEAL FROM THE 411TH* |
| *APPELLANTS* | § | *JUDICIAL  DISTRICT COURT* |
| *V.* | | |
| *LAKEWOOD AT LIVINGSTON PROPERTY OWNERS ASSOCIATION, APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

John Lasiter, Joseph Pete Wick, Rita Rex, Carolyn Clark, and Lonnie Clark (collectively Appellants) appeal the trial court's dismissal of their lawsuit for lack of jurisdiction.  They present three issues on appeal.  We reverse and remand.

## BACKGROUND

Lasiter is a property owner in the Lakewood at Livingston Property Owners Association (POA).  When Lasiter purchased his property in 2001, it was subject to certain restrictive covenants, including paying maintenance fees to the POA.  He paid those fees to the POA from 2002 through 2017.  However, he ceased paying the maintenance fees in 2018.  The POA placed a lien on Lasiter's property for the past due fees in August 2019 and then filed an intent to foreclose in February 2020.

In March 2020, Lasiter filed a declaratory judgment action seeking declarations that (1) the deed restrictions expired under their own terms, (2) no deed restrictions are currently applicable to his property, (3) he owes no money to the POA, (4) the lien filed by the POA is void and ineffective, and (5) all purported restrictions and liens filed on behalf of the POA have

either expired or are void. He also asked that a certified copy of the final judgment be filed in the deed records of Trinity County and sought reasonable and necessary attorney's fees. In October, Lasiter filed a motion for partial summary judgment on a portion of his declaratory judgment claim, contending that the 1979 deed restrictions expired in 2010 and have not been successfully renewed. The POA responded and filed its own motion for summary judgment. In June 2021, the trial court granted the motion for partial summary judgment, found that the deed restrictions expired and were not applicable to Lasiter's property, and explicitly stated that any remaining claims, including attorney fees, remained pending. The trial court also denied the POA's summary judgment motion.

Subsequently, Wick, Rex, Carolyn, and Lonnie (the Intervenors) filed a plea in intervention asserting that they were similarly situated to Lasiter and their properties should likewise not be encumbered by the deed restrictions. The trial court held a bench trial on the entirety of the Intervenors' claims and Lasiter's claim for attorney's fees. The trial court did not issue a ruling at the conclusion of the bench trial. Approximately six months later, the trial court issued an order dismissing the case for lack of jurisdiction. The trial court determined that it "no longer has jurisdiction" because it previously granted Lasiter's motion for summary judgment, which was not appealed. Appellants filed a motion to reconsider and vacate the dismissal order, which was denied. This appeal followed.

## TRIAL COURT JURISDICTION

In their first issue, Appellants assert the trial court erred in concluding it lacked jurisdiction and refusing to enter a final judgment on the merits following the bench trial.[1]

### Standard of Review and Applicable Law

Because the existence of subject matter jurisdiction is a matter of law, we review de novo the trial court's dismissal for lack of jurisdiction. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Plenary power is "the court's power to dispose of any matter properly before it." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 295 (Tex. App.—Dallas 2009, no pet.). The term "plenary"

---

[1] Appellants asked this Court to render judgment in their favor as a matter of law based on the evidence presented at the bench trial. However, Appellants have cited no authority, and we similarly have found none, allowing an appellate court to render a trial court's judgment when it failed to render one on its own. Therefore, we decline to do so.

means "full," "complete," or "entire." ***Id***. A trial court has plenary power over its judgment until it becomes final. ***Fruehauf Corp. v. Carrillo***, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). A court may reconsider its orders and has the power to set them aside at any time before its plenary power expires. *See **id***.; ***Esty***, 298 S.W.3d at 295. As a result, a court possesses "full authority to determine motions during its plenary jurisdiction." ***Esty***, 298 S.W.3d at 295.

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. ***Lehmann v. Har–Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001). "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." ***Id***. When making this determination, "[a] judgment 'must be read in light of the importance of preserving a party's right to appeal'; if we imply finality from anything less than an unequivocal expression, a party's right to appeal may be jeopardized." ***In re Burlington Coat Factory Warehouse***, 167 S.W.3d 827, 830 (Tex. 2005) (quoting ***Lehmann***, 39 S.W.3d at 195); *see* Tex. R. App. P. 26.1 (setting deadlines for perfecting appeal from date judgment or order is signed); ***Park Place Hosp. v. Estate of Milo***, 909 S.W.2d 508, 510 (Tex. 1995) ("All parties and all issues before the trial court must be disposed of before a summary judgment becomes final and appealable. . . . Although the plaintiffs had filed notice to nonsuit [pending party], the appellate timetable could not be triggered until a signed, written order of the court dismissed him."); ***Farmer v. Ben E. Keith Co.***, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." (emphasis in original)).

## Application

The trial court's May 15, 2023 order states:

On June 11, 2021 the Court granted Plaintiff's Motion for Summary Judgement [sic], which was not appealed.

Therefore this Court no longer has jurisdiction over this cause.

The Court hereby denies Intervener's pleas and denies Defendant's Motion for Declaratory Judgement [sic].

While the order uses the term "denies" regarding the Intervenors' and POA's claims, it is clear that the trial court dismissed the case for lack of jurisdiction.[2] The trial court did not issue a merits-based judgment based on the issues presented at the bench trial.

When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann,* 39 S.W.3d at 205. A summary judgment is presumed to dispose of only those issues expressly presented. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam). "A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court[.]" *Id*. Absent an order of severance, the "party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." *Id*.

In its order granting summary judgment, the trial court found no genuine issue of material fact as to the deed restrictions the POA claimed encumbered Lasiter's property. It expressly decreed that the covenants and restrictions had expired and that no deed restrictions were currently applicable to Lasiter's property. The trial court further stated, "this is a partial summary judgment determining the matters set forth above and does not address any other issue in the case, including any claim for attorney fees, which remain pending for later resolution." Thus, the order does not dispose of all Lasiter's claims, including his claim for attorney's fees, and is not a final judgment. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam); *see also Homeward Residential, Inc. v. Burch*, No. 02-19-00413-CV, 2020 WL 370578, at *2 (Tex. App.—Fort Worth Jan. 23, 2020, pet. denied) (mem. op.). Because the order granting summary judgment was not a final, appealable order, the trial court retained jurisdiction and erred in dismissing the case. *See generally Driver v. Callender Lake Prop. Owners Improvement Assoc., Inc.*, No. 12-23-00182-CV, 2023 WL 5663232, at *1 (Tex. App.—Tyler Aug. 31, 2023, no. pet.) (mem. op.). Instead, the trial court should have rendered

---

[2] Because this order dismissed the entire case, it is a final, appealable judgment. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001). None of the parties dispute this Court's jurisdiction.

judgment on the issues presented at the trial on the merits.  We sustain Appellants' first issue.[3]

## DISPOSITION

Having sustained Appellants' first issue, we *reverse* the trial court's dismissal order and *remand* the case for the trial court to reinstate the case and issue a judgment on the issues presented at the bench trial held in December 2022.

**BRIAN HOYLE**
Justice

Opinion delivered April 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Because Appellants' first issue is dispositive of the appeal, we need not address their remaining issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 3, 2024**

**NO. 12-23-00215-CV**

**JOHN LASITER AND INTERVENORS JOSEPH PETE WICK, RITA REX, CAROLYN CLARK AND LONNIE CLARK,**
Appellants
V.
**LAKEWOOD AT LIVINGSTON PROPERTY OWNERS ASSOCIATION,**
Appellee

Appeal from the 411th District Court
of Trinity County, Texas (Tr.Ct.No. 23406)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that the judgment of the court below should be reversed and remanded.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's dismissal order be **reversed**, and that the case be **remanded** for the trial court to reinstate the case and issue a judgment on the issues presented at the bench trial held in December 2022.

It is further ORDERED, ADJUDGED and DECREED that all costs in this cause expended in this Court be, and the same are, hereby adjudged against the party incurring same, for which let execution issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*