# NO. 12-24-00199-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *YASHICA BEASLEY AND MURPHY HENDERSON,* <br> *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *ALLIED TRUST INSURANCE COMPANY,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Yashica Beasley and Murphy Henderson appeal the trial court's order granting Allied Trust Insurance Company's motion for partial summary judgment. They present six issues on appeal. We dismiss for want of jurisdiction.

### BACKGROUND

Beasley and Henderson filed suit against Uriyah Smith and Christopher Deshaun Wansley for damages arising out of a shooting incident that occurred at Smith's apartment in July 2021. Beasley and Henderson sought coverage under Allied's policy issued to Marcus Lockett, Smith's stepfather, for Smith's alleged acts and omissions in the shooting incident. Allied maintains that Smith is not covered under the policy because she was not a resident of Lockett's household, did not move out to attend school, and was not enrolled full-time as a student. As a result, Allied took the position it does not a have a duty to defend the lawsuit.

Allied filed a petition for declaratory judgment seeking a declaration that Smith is not an insured under the policy and that it does not have a duty to defend in the underlying lawsuit. Allied also sought attorney's fees. Beasley and Henderson filed an answer and counterclaim

seeking a declaration that Smith meets the definition of an "insured" and attorney's fees. Beasley and Henderson filed a motion for partial summary judgment, asking the trial court to declare the insurance policy ambiguous. The trial court denied the motion. Allied filed a motion for partial summary judgment, arguing that the evidence established that it did not have a duty to defend under the policy because Smith did not meet the definition of an insured. The trial court granted Allied's motion. Murphy and Henderson filed a motion for reconsideration, which was denied. This appeal followed.

## FINALITY OF JUDGMENT FOR PURPOSES OF APPELLATE JURISDICTION

We first address the issue of our jurisdiction to consider this appeal. *See **M.O. Dental Lab v. Rape***, 139 S.W.3d 671, 673 (Tex. 2004) (appellate courts have duty to assess their own jurisdiction sua sponte).

**Standard of Review and Governing Law**

Appellate jurisdiction is never presumed. ***Beckham Group, P.C. v. Snyder***, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss the appeal. *See **id.*** This court's jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.,* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2023). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *See **Lehmann v. Har–Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001); ***N.E. Indep. Sch. Dist. v. Aldridge***, 400 S.W.2d 893, 895 (Tex. 1966).

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. ***Lehmann***, 39 S.W.3d at 195. "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id*. When making this determination, "[a] judgment 'must be read in light of the importance of preserving a party's right to appeal'; if we imply finality from anything less than an unequivocal expression, a party's right to appeal may be jeopardized." ***In re Burlington Coat Factory Warehouse***, 167 S.W.3d 827, 830 (Tex. 2005) (quoting ***Lehmann***, 39 S.W.3d at 195); *see* TEX. R. APP. P. 26.1 (setting deadlines for perfecting appeal from date judgment or order is signed); ***Park Place Hosp. v. Estate of Milo***, 909 S.W.2d 508, 510 (Tex. 1995) ("All parties and

all issues before the trial court must be disposed of before a summary judgment becomes final and appealable . . . Although the plaintiffs had filed notice to nonsuit [pending party], the appellate timetable could not be triggered until a signed, written order of the court dismissed him."); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." (emphasis in original)).

A summary judgment is presumed to dispose of only those issues expressly presented. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam). "A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court[.]" *Id.* Absent an order of severance, the "party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." *Id.*

**Finality of Order Granting Allied's Motion for Partial Summary Judgment**

In this case, there is no unmistakably clear statement on the face of the trial court's order granting Allied's motion for partial summary judgment indicating that it intended the order to be a final judgment as to all claims and parties. Rather, the order states that Allied's motion for partial summary judgment is well-taken and should be granted. It explicitly states that Allied's "Motion for Partial Summary Judgment is hereby GRANTED." Thus, the express terms of the order itself clearly indicate that it is not a final judgment.

Furthermore, the record does not indicate that the trial court's order actually disposed of all claims and parties before the court. In their original petition and first amended petition, Allied sought attorney's fees. And Allied specifically reserved its right to attorney's fees in its motion for partial summary judgment. The summary judgment order, however, does not address or dispose of Allied's claim for attorney's fees. Nor did the trial court address the attorney's fees claim in its findings of fact and conclusions of law. Because the order does not dispose of Allied's claim for attorney's fees, it is not a final judgment.[1] *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam); *see also Homeward Residential,*

---

[1] The order does not explicitly dispose of Beasley's and Henderson's counterclaim and claim for attorney's fees; however, because their claim sought a declaration that Smith is an "insured" under the policy, a declaration that she is not appears to dispose of that claim.

***Inc. v. Burch***, No. 02-19-00413-CV, 2020 WL 370578, at *2 (Tex. App.—Fort Worth Jan. 23, 2020, pet. denied) (mem. op.).

Based on the foregoing, we conclude that the trial court's order did not state with unmistakable clarity that it is a final judgment as to all claims and parties or actually dispose of all claims and parties then before the court. *See **Rogers***, 455 S.W.3d at 163. Accordingly, we hold that the order is not a final or otherwise appealable interlocutory order. *See **id.***, *see also **Dowtech Specialty Contractors, Inc. v. City of Nacogdoches***, No. 12–15–00236–CV, 2016 WL 3050061, at *2–3 (Tex. App.—Tyler May 27, 2016, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction when judgment was not final or otherwise appealable); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2023). For this reason, we lack jurisdiction to consider Beasley's and Henderson's appeal. *See **Rogers***, 455 S.W.3d at 163; *see also **Dowtech Specialty Contractors, Inc.***, 2016 WL 3050061, at *3.

## DISPOSITION

Having held that the trial court's order granting Allied's motion for partial summary judgment is not a final judgment or otherwise appealable interlocutory order, we ***dismiss*** this appeal for ***want of jurisdiction***.

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00199-CV**

**YASHICA BEASLEY AND MURPHY HENDERSON,**
Appellants
V.
**ALLIED TRUST INSURANCE COMPANY,**
Appellee

Appeal from the County Court at Law No 3
of Smith County, Texas (Tr.Ct.No. 75441-B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*